## THE STATE v. NEASBY, Appellant.

Division Two, May 16, 1905.

1. **CONCUBINAGE: Age of Prosecutrix: Record of Birth: Evidence.** In a prosecution for taking away a female under the age of eighteen years for the purpose of concubinage, a paper writing containing the dates of the births of children is admissible in evidence to establish the age of the prosecutrix, when such writing is properly identified, and is shown to have come from the proper repository. And though the party who entered upon the paper the date of the birth of the prosecutrix is not present to identify his handwriting, yet such paper is admissible if the entry is shown to have been made *ante litem motam.* *Held,* also, that the inference may be drawn that the prosecutrix is under the age of eighteen years, from the dates of the births of other children which show that the prosecutrix could not have been eighteen years of age. And the testimony of the mother that prosecutrix was under the age of eighteen years is sufficient to establish that fact, *dehors* the paper writing.

2. **NEW TRIAL: Newly-Discovered Evidence: No Affidavits.** An application for a new trial on the ground of newly-discovered evidence, not supported by the proper affidavits, is properly denied.

3. **CONCUBINAGE: Intent.** The gravamen of the offense of taking away a female under the age of eighteen years for the purpose of concubinage, is the intent with which she was taken, and when the intent is shown to be for the purpose of concubinage, the offense is complete. And the fact that the female afterwards leaves the defendant and again seeks her father's protection, is no palliation of the crime.

4. ————: **Excessive Verdict.** A sentence of four years' imprisonment for taking away a female for the purpose of concubinage, is not excessive.

Appeal from Douglas Circuit Court.—*Hon. Asbury Burkhead*, Judge.

AFFIRMED.

*Herbert S. Hadley*, Attorney-General, and *Rush C. Lake*, Assistant Attorney-General, for the State.

The evidence supports the verdict in that it shows clearly that India Hatfield was under the age of eighteen years and that she was living at the home of her father, and was prevailed upon by the defendant to go with him to Arkansas. State v. Bobbst, 131 Mo. 328.

GANTT, J.—In an information filed by the prosecuting attorney of Douglas county, on the 13th of October, 1902, in the circuit court of said county, the defendant was charged with unlawfully and feloniously taking India Hatfield, a female under the age of eighteen and over the age of fifteen years from her father, William Hatfield, he, the said William Hatfield, then and there having the legal charge of the person of said India Hatfield, for the purpose of concubinage with him, the said George Neasby, against the peace and dignity of the State; and James Turner, Annie Turner, and Victory Williams were charged with having, be-

fore the commission of said felony, unlawfully and feloniously incited, moved, procured, aided, counselled, hired and commanded the said defendant to do and commit the said felony, in manner and form aforesaid, against the peace and dignity of the State.

The information was sufficiently verified by the prosecuting attorney himself. A severance was granted and the defendant Neasby was put upon his separate trial before a jury at the September term, 1903, of said circuit court, and a verdict of guilty returned, assessing his punishment at imprisonment in the penitentiary for a term of four years. Motions for a new trial and in arrest of judgment were duly filed, heard and overruled, and the defendant sentenced pursuant to the verdict. From that judgment he appealed to this court.

The defendant is not represented by counsel in this court, but in obedience to the statute we have read and examined the entire record in the cause. The defendant is a negro man and the prosecutrix a white girl. The evidence tends to show these facts: The prosecutrix lived in her father's family on a farm in Douglas county. She had never attended a school and was wofully ignorant, as were her parents, neither of whom could read or write. How the prosecutrix came under the influence of the defendant is not very clear, but it appears that one evening while, as she testifies, she was going to a neighbor's to work, she was told, by one of the alleged accessories before the fact, that George, the defendant, wanted to see her. He came to the road where she was and walked with her and importuned and begged her to leave her home and go with him. The next night she met him, and, at his solicitation, without further ado, started and went with him to the State of Arkansas. They travelled together on foot for two days and nights, and finally reached the home of a sister of the defendant in Arkansas. They

started on Monday and arrived at his sister's on Thursday night.

The prosecutrix testified that he proposed marriage to her, but she said she would not marry a negro. On the trip they cohabited as man and wife. On the first of the next week, they returned to this State, and, as he told her he was going to his father's, she requested him to bring her to the neighborhood of her home, which he did, and left her, and she sent her father word and he went after her and took her home. We gather from his evidence that the defendant relied upon the fact that she was over eighteen years of age, and that he had not taken her from her father's home, but that she went of her own accord and he permitted her to do so at her request. He testified in his own behalf, but did not deny the cohabitation. The instructions and other facts will be noted in connection with the grounds assigned for a new trial.

I. The main contention on the trial was as to the age of the prosecutrix. As already said, she was utterly ignorant. Had never been to school and could not read or write and did not know her own age. Her parents were likewise lamentably ignorant.

The father, William Hatfield, testified he had lived in Douglas county all of his life; that he had been married about twenty-one years; that he had kept no family record in the Bible, but that from time to time he had gotten his neighbors to record the births of his children on a piece of paper which he kept for that purpose. This paper was produced in court and identified by himself and one of his neighbors who had recorded thereon the birth of one of the children. This witness testified that the entry as to this child was in his handwriting and that the names of the other children were recorded thereon and their births. It was shown that another neighbor by the name of Morris Sprigg had recorded the name and birthday of the prosecutrix, but he had left the county some six years prior to the trial.

It further appeared that the oldest child of William and Caroline Hatfield was a son, Robert Hatfield, and that James Spurlock recorded the name and birth of this son, as September 18, 1883; that the next child, a son, was still-born, and that India, the prosecutrix, was the next child. Her birth was recorded as of about July 1, 1887. Five other children were recorded with the dates of their birth.

It was objected that this paper was inadmissible for any purpose, and that it bore evidence of alteration, but after an inspection of the paper by the court and after its identification by the witness Spurlock and by Mr. and Mrs. Hatfield, the court admitted it.

Mrs. Hatfield, the mother of prosecutrix, testified that India was between sixteen and seventeen years old.

The objection to the paper writing was that it was not a permanent record, and for the reason that the entries were in lead pencil and appeared to have been entered very recently.

In 1 Greenleaf's Evidence (16 Ed.), sec. 114d, it is said: "The form of the statement is immaterial; and it may of course come in a great variety of forms. Thus, an entry by a deceased parent or other relative, made in a Bible, family missal, or any other book, *or in any document or paper,* stating the fact and date of the birth, marriage, or death of a child, or other relative, is regarded as a declaration of such parent or relative in a matter of pedigree." Especially is this true if made *ante litem motam.* Guarded, as this memorandum was, first by the proof of the genuineness of the record of the oldest son by Spurlock who made it, and the testimony of both William Hatfield and wife that they had carefully preserved it and that the entries were made from time to time as their children were born, we think it was competent. As to any alleged appearance of being recently made or any change, those matters were before the trial court and the jury. There

was ample evidence *dehors* the paper that the prosecutrix was under eighteen years of age to sustain the allegation as to her age, if believed by the jury, as it obviously was. [Beckham v. Nacke, 56 Mo. 546; Wigmore on Evidence, 1495.]

II. The application for a new trial on the ground of newly-discovered evidence was properly denied. The motion was not supported by proper affidavits. The rule on this point has been so long settled that its requirements need not be restated. [State v. Miller, 144 Mo. 26; State v. Bowman, 161 Mo. 88, and cases cited.]

III. The instructions are not challenged specifically. As a whole they are very fair to defendant. The gravamen of the offense with which he is charged, the taking away of a female under the age of eighteen years from her father who had legal charge of her person, for the purpose of concubinage, is the intent with which she was taken, and that must be gathered from the facts in evidence. When the taking is shown to be for the purpose of concubinage the offense is complete, and the fact that his ignorant dupe soon tired of the unnatural and criminal association with him and sought once more her father's protection, is no palliation of his crime.

The testimony, we think, fully sustained the charge in the information, and even though there may be some inaccuracies in some of the instructions, the evidence is too conclusive to justify us in reversing the judgment. [State v. Adams, 179 Mo. 334.]

There is no merit whatever in the complaint that the verdict was excessive. In our opinion it is a light punishment for the deflowering and prostitution of this poor ignorant girl.

The judgment is affirmed.

*Fox, J.,* concurs; *Burgess, P. J.,* absent.