# STATE v. PALMBERG, Appellant.

### Division Two, November 20, 1906.

1. **CARNAL KNOWLEDGE OF FEMALE UNDER FOURTEEN: Different Acts: Distinct Offenses.** Each act of carnal intercourse with a female under fourteen years of age constitutes a separate, distinct and substantive offense.

2. —————: **Evidence of Prior Acts.** Evidence of acts of intercourse occurring prior to the act for which the defendant is being tried, is admissible, as tending to prove the particular act upon which the conviction is sought.

3. —————: **Evidence of Subsequent Acts.** Evidence of acts of intercourse occurring subsequent to the act for which the defendant is being tried, is inadmissible.

4. —————: **Several Acts of Intercourse: Election.** Where, in a prosecution for carnal intercourse with a female under the age of fourteen years, the prosecutrix testifies to several acts of intercourse which occurred prior to her reaching fourteen years of age, the court should compel the State, at the close of its case, on motion of defendant, to elect upon which act of intercourse it will rely; and its failure to do so constitutes reversible error.

5. —————: **First Act: Election by Implication.** The law will not, under all circumstances, imply an election by the State to rely for a conviction upon the first act of intercourse testified to by the prosecutrix.

6. —————: **Several Acts: Time of Election.** Where the court and the prosecuting officer know, at the commencement of the trial, that the testimony will show several acts of intercourse, each of which constitutes a separate offense, the State should inform the defendant upon what particular act it will rely for a conviction; evidence of prior acts may then be admitted, but evidence of subsequent acts should be excluded.

7. —————: **Exhibition of Child.** It was not error to exhibit to the jury the child to which the prosecutrix claimed she gave birth as a result of her intercourse with defendant.

8. —————: **Evidence of Physician: Date of Birth: Memorandum.** Where the testimony of a physician tends to establish that he attended the mother of the prosecuting witness at the time she gave birth to her, and he is enabled, by refreshing his memory from a memorandum book, to reasonably fix the date of such birth, his testimony is admissible.

9. ———: **Complaint:** Instruction. In the prosecution of defendant charged with carnal knowledge of a female under fourteen years of age, an instruction as to her duty to make complaint has no application, and is properly refused.

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Martin*, Judge.

REVERSED AND REMANDED.

*W. F. Quigley, W. V. Draffen* and *C. D. Corum* for appellant.

(1) (a) Upon reason and authority the court erred in permitting the State to introduce evidence of acts of intercourse subsequent to October, 1903. People v. Clarke, 33 Mich. 112; People v. Flower, 104 Mich. 449; People v. Etter, 81 Mich. 570; People v. Robertson, 88 App. Div. (N. Y.) 198; State v. Neel, 23 Utah 542; State v. Hillberg, 22 Utah 27; State v. Donovan, 61 Iowa 278; State v. Oden, 100 Iowa 22; Pope v. State, 34 So. 840; Ball v. State, 72 S. W. 384; Smith v. State, 73 S. W. 401; Barnett v. State, 44 Tex. Crim. 592. (b) Independent crimes of any character are never competent except in those cases where it is necessary for the State to establish intent, motive, malice, etc. In this case the act carries with it the intent. State v. Spray, 174 Mo. 589; State v. Goetz, 34 Mo. 85; State v. Daubert, 42 Mo. 242; State v. Parker, 96 Mo. 389; State v. Jackson, 95 Mo. 649. (c) Other acts of intercourse, prior or subsequent, are not competent to prove a substantive offense upon which a conviction can be had. And the cases which hold that prior acts of intercourse are admissible lay down the rule that they are competent only to corroborate and explain the evidence of the act charged. This is the only ground upon which prior acts are admissible. People v. Jenness, 5 Mich. 305; People v. Tenelshof, 92 Mich. 167; State v. Knapp, 45 N. H. 148; Mitchell v. People, 24 Colo. 532; Whar-

ton's Criminal Evidence, sec. 35; State v. Neel, 23 Utah 542; State v. Hillberg, 22 Utah 34. (d) This being the only purpose for the admission of such testimony, either prior or subsequent, it follows that the court should have instructed the jury in regard to the purpose for which this evidence was admitted. This the court failed to do. Cox v. State, 44 S. W. 157; Sykes v. State, 112 Tenn. 581. (2) The court erred in refusing to sustain defendant's motion to elect. It is well-settled law that in cases where other acts of intercourse have been admitted in evidence the State is compelled · to elect upon which act it will go to the jury. Smith v. Com., 60 S. W. 530; People v. Castro, 133 Cal. 11; People v. Williams, 133 Cal. 168; People v. Flaherty, 162 N. Y. 532; State v. Hillberg, 22 Utah 27; State v. Atcheson, 91 Me. 240; Stone v. State, 73 S. W. 956; 1 Bishop's Crim. Pro., sec. 459. (3) The court erred in refusing the instruction requested by defendant as to the duty of the prosecutrix to make complaint. The refused instruction was a cautionary one, and the jury ought to have been advised as to the importance the law attaches to silence under such circumstances, in order that they might be better prepared to give her testimony such weight as it was entitled to, and no more. State v. Witten, 100 Mo. 525; State v. Wilson, 91 Mo. 410; State v. Patrick, 107 Mo. 147; Champagne v. Hamey, 189 Mo. 722. (4) The court erred in permitting the child to be exhibited to the jury, over the objection of defendant. State v. Neel, 23 Utah 541; People v. Carney, 29 Hun 47; Hanawalt v. State, 64 Wis. 84; Reitz v. State, 33 Ind. 187; Risk v. State, 19 Ind. 152; Robnet v. People, 16 Ill. App. 299; Young v. Makepeace, 103 Mass. 50; Clark v. Bradstreet, 80 Me. 464; Barnes v. State, 39 S. W. 684; State v. Harvey, 112 Iowa 416.

*Herbert S. Hadley*, Attorney-General, *N. T. Gentry*, Assistant Attorney-General, and *Chas. W. Journey* for the State.

(1)   No error was committed by the trial court in permitting the prosecutrix to testify to acts of sexual intercourse between her and defendant other than the one charged in the indictment.   This court has held that evidence of a prior attempt to commit rape was admissible when the charge against the defendant was rape.   State v. Patrick, 107 Mo.. 147.   "It is also held that on a prosecution for rape of a girl under the age of consent, testimony of subsequent as well as prior acts of illicit intercourse between the parties is admissible to corroborate her."   4 Elliott on Evidence, sec. 3105; State v. King, 117 Iowa 768; People v. Edwards, 73 Pac. 416; State v. Borchert, 68 Kan. 360; Smith v. Com., 22 Ky. L. 1349; State v. Robertson, 121 N. C. 551; Hamilton v. State, 36 Tex. Crim. 372; Woodruff v. State, 101 N. W. 1117.   (2)   The court committed no error in allowing the jury to see the child of prosecutrix, which she carried in her arms while in the court room.   4 Elliott on Evidence, sec. 3028; 2 Wigmore on Evidence sec. 1157; Underhill on Crim. Evid., sec. 48.

FOX, J.—On the 15th day of May, 1905, the prosecuting attorney of Cooper county filed an information against the defendant that contained two counts; the first count charged that on or about the 20th day of October, 1903, the defendant carnally knew one Florence Widdicombe, a female child alleged to be under the age of fourteen years.   The second count charged that defendant had made an assault upon the said Florence Widdicombe on or about the 27th day of August, 1904, and alleged that said Florence Widdicombe was then and there an unmarried female of previous chaste

character between the ages of fourteen and eighteen years.

The defendant filed a motion to compel the State to elect upon which count of the information the State would go to trial. The motion was sustained and the State elected to go to trial upon the first count, and the trial proceeded upon that count.

The testimony on the part of the State tended to show that the prosecutrix was born in Pettis county, Missouri, on the 27th day of August, 1890, and that her parents were named Coselet; that her mother died when she was quite young and she was adopted by Mr. and Mrs. Henry Widdicombe. The prosecutrix testified that the defendant had intercourse with her on several occasions; the first time some time about the 20th of October, 1903; one time when she was in the woods driving up her foster father's cow; at another time at the home of the prosecutrix when her foster parents were absent; at another time on the road; and she also testified that the defendant continued to have intercourse with her until she arrived at the age of fourteen years, and that such acts of intercourse occurred every week or so. There was further evidence offered on the part of the State which disclosed the fact that as a result of this intercourse the prosecutrix became pregnant and gave birth to a child and the State, over the objections of the defendant, exhibited such child to the jury.

On the part of the defendant he testified in his own behalf and denied having intercourse with prosecutrix; his testimony directly contradicted that of the prosecutrix. There was other evidence introduced on the part of the defendant tending to impeach the prosecutrix and her foster parents as to conflicting statements made by them in reference to the age of the prosecutrix. There was also other testimony which tended to prove the bad reputation of the foster parents of the prosecutrix for truth and veracity. Defendant then of-

fered evidence tending to show his good reputation for morality and as a law-abiding citizen.

In rebuttal the State offered evidence to show the good reputation of Mr. and Mrs. Widdicombe for truth and honesty. There was other evidence introduced in the case which will be referred to and discussed during the course of the opinion. This, however, is a sufficient statement of the case to enable the court to determine the legal propositions involved.

At the close of the case the defendant, before proceeding to introduce his testimony, moved the court to compel the State to elect upon which one of the acts of intercourse, as testified to by the prosecutrix, it would proceed to go to the jury. The motion was overruled, and at the close of all the evidence the defendant renewed such motion, and it was likewise overruled. The cause was submitted to the jury upon the evidence and instructions of the court and they returned a verdict finding the defendant guilty as charged in the information and assessed his punishment at imprisonment in the penitentiary for a term of five years. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Sentence and judgment were entered of record by the court and from this judgment the defendant in due time and proper form prosecuted his appeal to this court and the record is now before us for consideration.

OPINION.

The record in this cause discloses many complaints by appellant based upon the action of the trial court during the progress of the trial. The most serious proposition confronting us upon this record arises upon the testimony of the prosecutrix and the law as declared by the court predicated upon such testimony. The record discloses that the prosecutrix, Florence Widdicombe, testified when she first took the witness

stand that in October, 1903, the defendant pulled her off a horse and forcibly had intercourse with her.   In her testimony she details all the facts surrounding this particular time at which she claims the defendant forcibly ravished her.   Upon further examination she then proceeded to detail other separate and distinct acts of intercourse had between her and the defendant subsequent to the one which she had narrated as having occurred in October, and she was finally permitted to testify that the defendant continued to have intercourse with her until she arrived at the age of fourteen years, and that such acts of intercourse occurred every week or so.   To this evidence of subsequent acts of intercourse the defendant interposed an objection, and to fully appreciate such objection we here reproduce it. It was as follows:  "The defendant objects to what occurred at that time, for the reason that whatever did occur cannot be competent in this case.  I assume that the purpose of the inquiry is to elicit evidence tending to show that the defendant, on days other than and subsequent to the occasion mentioned in evidence already, had intercourse with the prosecuting witness.   In other words, the State expects to offer in evidence testimony tending to show another rape upon the prosecuting witness, at a different time.   We object for the reason that it is another substantive offense, and evidence of other crimes is not competent in any case unless it be for the purpose of showing intent, motive or malice, and in this case there is no specific intent necessary to commit the crime; no motive or malice is necessary to be shown, and the evidence of another separate and distinct crime is absolutely incompetent in this case, as tending to throw no light upon the inquiry under investigation."   The objection was overruled by the court.

At the close of the State's case and before the defendant went on the stand to testify in his own behalf, he requested the court to compel the State to elect upon which of the alleged acts of intercourse, as

testified to by the prosecutrix, it would rely for a conviction. This motion was also by the court overruled, and the defendant again at the close of the case renewed such motion in writing to compel the State to elect upon which of the acts of intercourse, as testified to by the prosecutrix, it would go to the jury. This motion was likewise overruled, to which action of the court, upon both of such motions, the defendant properly preserved his objections and exceptions. The court at the close of the testimony embraced in one of its instructions this declaration of law; that is, ''If the jury believe from the evidence, beyond a reasonable doubt, that the defendant, in the county of Cooper, and State of Missouri, at any time before the filing of the information herein, to-wit, on the 15th day of May, 1905, had sexual or carnal intercourse with Florence Widdicombe, and she, said Florence Widdicombe, was then and there, at the time of said carnal intercourse, under the age of fourteen years, then you will find the defendant guilty of rape as charged in the information and assess his punishment at imprisonment in the penitentiary for a term not less than five years, or at death.''

It is from these disclosures of the record that the legal propositions presented for our consideration arise.

### I.

It is clear that each act of carnal intercourse testified to by the prosecutrix constituted a separate, distinct and substantive offense. Upon this proposition it is hardly necessary to cite authorities. [People v. Clark, 33 Mich. 112; State v. Hillberg, 22 Utah 27; State v. Acheson, 91 Me. 240; People v. Castro, 133 Cal. 11; People v. Williams, 133 Cal. 168; People v. Flaherty, 162 N. Y. 532, and numerous other cases.] This being true, it is insisted by appellant:

First. That the act of sexual intercourse first tes-

tified to by the prosecutrix should be treated under the law as an election by the State as the act of carnal intercourse upon which it would rely for conviction; and that all the other evidence as to acts of sexual intercourse by the defendant with the prosecutrix, either prior to or subsequent to the time first designated in her testimony, was incompetent and irrelevant, and should have been excluded by the court.

Where a conviction is sought for the commission of an act of sexual intercourse which constitutes the offense, at some particular time, there is a sharp conflict in the authorities upon the proposition of the admissibility of evidence tending to show prior and subsequent acts of intercourse, as evidence tending to show the commission of the acts of intercourse upon which the conviction is sought. We shall not undertake to review the authorities upon this subject. The reasonable limits to which an opinion should be confined is our only apology for failing to do so. It is sufficient to say upon this proposition that we have read with a great deal of care and interest the numerous cases in other States dealing with this subject, and the weight of authority seems to fully support the doctrine, in cases similar to the one now under consideration, that evidence of acts occurring prior to the act for which the accused is being tried, as tending to prove the particular act upon which the conviction is sought, is admissible. This court in the case of State v. Scott, 172 Mo. 536, and State v. Patrick, 107 Mo. 147, has already indicated that upon that branch of the proposition it is in line with the weight of authority. It was expressly ruled in those cases that prior acts of the defendant were admissible in evidence as tending to show the commission of the act upon which a conviction was sought. In Sykes v. State, 112 Tenn. 572, it was fully recognized that the great weight of authority was in favor of the admissibility of prior acts, and the cases

199 Sup.—16

are fully collated and cited in support of the correctness of that view, and there is no necessity of again citing them in this case.

Upon the other branch of this proposition, as to the admissibility of subsequent acts in evidence in cases similar to the one at bar, there is also a conflict of views of the courts in the different States. However, after a careful consideration of all the cases, it is made apparent that the weight of authority is against the admission of such subsequent acts. The conclusions of the courts that subsequent acts are inadmissible are based mainly upon grounds similar to those urged by the distinguished judge in the case of People v. Clark, 33 Mich. 112. Judge MARSTON in that case thus stated tersely the views of that court upon the proposition. He said: "Nor could the prosecution, after having introduced evidence tending to show an offense committed in the town of Pennfield on the 28th of July, show subsequent acts as corroborating testimony, as they would have no such tendency. Proof of previous acts of sexual intercourse would tend to show a much greater probability of the commission of a similar act charged to have occurred subsequent thereto, but the converse of this proposition would not be true, as the proof of a crime committed by the parties on a certain day could have no tendency to prove that they had, previous thereto, committed a similar offense."

In our efforts to reach a correct solution of both branches of this proposition we have been unable to find anywhere a more careful, correct and full review of all the cases upon this subject than is contained in the Lawyer's Reports Annotated, vol. 62, pages 332 to 338. An analysis of the cases reviewed in such notes will demonstrate a careful and painstaking effort to correctly review all the cases upon the subject, and after a fair and thorough consideration of all the numerous cases pertaining to this subject the following clear and concise statement of the conclusions reached

is announced: ''From the foregoing decisions it would appear that the weight of authority seems to be in favor of the doctrine that, in this class of cases, evidence of acts occurring prior to the act for which the accused is being tried may be given to characterize and explain the latter; but that evidence of subsequent acts may not. The minority in favor of the admission of subsequent acts, is, however, a strong one; but it is thought that the reasoning in favor of their admission lacks a great deal of the force of that generally used in the arguments in favor of the admission of evidence of prior acts.''

## II.

This brings us to the consideration of the action of the court in overruling, at the close of the State's case, defendant's motion to require the State to elect as to which act of sexual intercourse as testified to by the prosecutrix it would present to the jury and rely upon for a conviction.

The prosecuting witness, as before stated, testified to numerous acts of sexual intercourse with the defendant prior to her arriving at the age of fourteen years. That each of said acts constituted a separate and distinct offense for which the defendant can be convicted, there can be no doubt, as we have heretofore pointed out, and it was manifest error on the part of the trial court to deny such motion, and this error is emphasized by the instructions of the court which failed to confine the jury to the consideration of any one particular act upon which a conviction might rest, but substantially directed the jury that they would be authorized to find the defendant guilty if they believed and found from the evidence that he had committed any or all of the acts embraced in the testimony of the prosecutrix. The charge upon which the defendant was tried was embraced in but one count of the information and simply charged but one offense committed on the 20th of October, 1903. Now, while under the law the State would

not be required to prove the commission of the offense upon any particular date, but had the right to establish its commission upon any date prior to the filing of the information yet the defendant under this charge could only be convicted of one offense, and where the proof tended to show the commission of several distinct offenses it was clearly the duty of the court to confine the consideration of the jury to but one of the offenses indicated by the proof, and the State at the close of its case should have been required to announce its election as to which one of the acts indicated by the proof constituting the offense charged it would rely upon for a conviction.

The Supreme Court of California is one of the courts which holds that prior as well as subsequent acts of the defendant are admissible in evidence, but in People v. Castro, 113 Cal. 11, in treating of the proposition now under consideration, that court expressly ruled that the defendant, where separate acts of intercourse were sworn to by the prosecutrix, should not be called upon to defend himself against each of these separate acts of intercourse extending through a period of several months; that the information charged only one act and upon that election the case must stand or fall. It was further held in that case that while it was true that any one of the acts sworn to by the prosecutrix could have been selected by the State as the act charged in the pleading, yet the entire four acts could not be so selected, and it was expressly held in that case that, even conceding that there was a failure on the part of the defendant to request an election at the proper time, still, when the case went to the jury the court in some form should have directed their minds to some particular act of intercourse which it was incumbent upon the State to establish by the evidence before a verdict of guilty could be rendered against the defendant. This was not done in that case and the judgment was reversed.

State v. Palmberg.

In State v. Acheson, 91 Me. 240, the defendant was charged with an assault with attempt to ravish and carnally know a female child under the age of fourteen years. There was but one count in the indictment and the offense was alleged to have been committed on the 3rd day of January, 1897. The proof tended to show four separate and distinct assaults. This evidence was received and remained in the case without any explanation of its limited tendency and purpose. The court in that case, in discussing this proposition, said: "In this state of evidence, the jury were instructed in the charge that if they were satisfied 'that on any date while this little child lived in the defendant's house he was guilty of this charge' it was their duty to convict him. This would have been a correct and appropriate instruction if only one assault had been proved. But as applied to the evidence of four independent assaults on different days, there is ground for apprehension that it was inadequate and misleading. Under this instruction and upon this evidence, some of the jury may have been satisfied that an assault was committed on one of the occasions specified, and others of an assault on a different occasion, and thus a verdict rendered without unanimity respecting either of the occasions described in the testimony. It is, therefore, the opinion of the court that the ruling admitting evidence of other similar assaults without explanation of its purpose and effect, and the foregoing instructions to the jury upon that state of the evidence, must be deemed erroneous."

In State v. Hillberg, 22 Utah 27, the trial court, as in the case at bar, did not require any election to be made and allowed the case to go to the jury upon several acts of intercourse which the testimony tended to prove. The appellate court in its opinion clearly demonstrates the error of such course. It was there said: "Such a course was calculated to confound and confuse the defendant in his defense. He was expected to meet one charge at a specified time, but was required to defend

against and meet six different acts occurring during a period of fourteen months, upon one of which the jury was asked to convict. Whether the jury united in a verdict upon each act, or some on one and others on another of the acts proved, is problematical. . . . No jury should be set to fishing or hunting for a charge which they are called upon to try. Such a course deprived the defendant of a fair trial, and compelled him, without warning, to defend against acts of which he had no notice. Manifestly, he could not be prepared to meet such confusing charges not contained in the information.''

In the case of People v. Williams, 133 Cal. 168, the Supreme Court of California is very emphatic in its denouncement, in cases of this character, of not confining the jury to the consideration of one particular act. In the discussion of this proposition, the court said: ''But one other matter requires notice at our hands. That arises from an instruction given by the court to the effect that, if the jury found that defendant had had sexual intercourse with the prosecutrix at any time within three years before the finding of the indictment, she being under sixteen years of age, etc., they must find him guilty. The prosecutrix testified that she lived with the defendant for a period of four months, and on nearly every day during that time, and sometimes five or six times a day, they had sexual intercourse with each other. In addition to this sweeping general assertion, many alleged acts were specifically described, with circumstances of time, etc. Each of these acts was a separate offense, and the defendant could be tried for either, and separately for each of them. The jury were not even told that they must all agree that some specifically described act had been performed. A verdict of guilty could have been rendered under such an instruction, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge as to any one of these separate of-

fenses. Even worse than that was possible. As to every specific offense which there was an attempt to prove, and which could be met by proof, the defendant may have established his defense, and yet upon the general evidence of continuous crime, which, in the nature of things, he could only meet by his personal denial, he may have been convicted. And how could he defend when he was not informed as to which particular offense, out of hundreds testified to by the prosecutrix, he was to be tried? Such a trial, upon a charge so indefinite as to circumstance of time and place, or any particular, except by the general designation, would be a judicial farce, if it were not something a great deal worse.''

In this State it has been the uniform practice in the trial of criminal cases, where the proof on the part of the State tends to show the commission of separate and distinct offenses of the same class, to require an election at the close of the State's case upon which one of the offenses, as shown by the evidence, it will rely for a conviction, even as applicable to misdemeanors. Judge Kelley, in his treatise on Criminal Law and Practice, section 1074, in treating of the misdemeanor of selling intoxicating liquors, announces the rule which has been approved by the courts of this State. He says: ''When the indictment charges the selling in a general way, without specifying the person or kind of liquor involved in the sale, the State may call any witness or witnesses and prove an illegal sale; and if the court permits witnesses to testify as to separate and distinct acts or sales, the prosecutor should be required to elect upon which one he will rely, and be confined to his election, so that the defendant may know what he has to defend against on the trial, and plead the result in bar of another prosecution for the same act or sale.''

We deem it unnecessary to pursue this subject further. It must be ruled that the action of the court in

denying the defendant's motion at the close of the State's case constitutes reversible error.

## III.

This brings us to the only remaining proposition arising upon the testimony of the prosecuting witness, which tends to show the commission of separate and distinct offenses, that is, as to the proper time when the election should be made by the State upon which act of sexual intercourse it will rely for a conviction. The record in this cause does not disclose that the appellant, at the commencement of the trial, or at any other time during the progress of the trial, until the State had closed its case, requested the court to compel the State to elect upon which act of intercourse it would proceed and rely for a conviction. It is insisted, however, by learned counsel for appellant that the prosecuting witness designating the time of the commission of the first act of intercourse in October, 1903, and her testimony tending to show that the offense was complete at that time, avoided any necessity for any request on the part of the defendant for an election, but the State having first introduced such proof, the law would imply an election of that particular act as the one upon which a conviction would be sought.

We confess that this contention of appellant is supported by the opinions of courts of high standing in other States. Such was the ruling in People v. Jenness, 5 Mich. 305; State v. Acheson, 91 Me. 240; State v. Hillberg, 22 Utah 27; People v. Williams, 133 Cal. 168; People v. Clark, 133 Mich. 112.

It is difficult in cases similar to the one now before us to lay down an inflexible rule which should govern trial courts regarding the proposition now under discussion. We have heretofore indicated that it is the uniform practice in the courts of this State to require an election after the State has developed its case, and while it may be that other separate and distinct offen-

ses may be developed by the State and the defendant, as a matter of right, is entitled to have the State make an election as to the offense upon which it will proceed, yet in view of the uniform practice in this State we are unwilling to say that under all circumstances the law would imply an election upon the proof tending to show the first act, which would constitute the offense, or that the State should be compelled at the commencement of the trial, before the introduction of any testimony, to announce its election. We are inclined to believe that the safer rule is that the court should act in accordance with the conditions confronting it at the time with the knowledge and information it may have or may acquire from the prosecuting officer at the time the trial commences. There are cases in which both the court and the prosecuting officer have but little information as to what the testimony of the State will develop. In cases of that character we are of the opinion that it would not tend to promote the fair administration of justice to embarrass the representative of the State by compelling him, in a case of which he had but little information, to elect upon what particular act he would proceed to trial, or by ruling that upon the introduction of proof tending to show the commission of some particular act, that was an election by implication; and on the other hand, while the prosecuting officer, who is the representative of the entire people, which includes the defendant, should earnestly and vigorously prosecute all violations of the law, yet it is equally his duty to deal fairly with the defendant in the prosecution of the offense with which he is charged; and if in cases of this character it is made manifest at the commencement of the trial that he is entirely familiar with his case and thoroughly conversant with the testimony which he can introduce, which will show the commission of several separate and distinct offenses similar to the one charged, and the court, by the statement of prosecuting officer or otherwise, is informed that such will be the proof, then

in our opinion common fairness to the defendant would require the prosecuting officer to announce his election of the particular act that he would go to the jury upon, and under those circumstances he ought not to be permitted to introduce testimony showing the commission of numerous separate and distinct offenses, with the view and purpose, by the use of those offenses shown to have occurred subsequent to the date of the act upon which he is finally required to elect to proceed, of prejudicing and inflaming the minds of the jury, and, as was said by the court of Criminal Appeals of Texas in the case of Smith v. State, 73 S. W. 401, ''thereby convicting the accused on general principles.''

As the judgment in this case must be reversed and the cause remanded for a new trial, while discussing this proposition it is not inappropriate to say that, upon the retrial, the State having in the present trial developed its case, common fairness to the defendant would suggest the propriety, upon the request of the defendant, of requiring the State to elect upon which one of the acts of sexual intercourse, as testified to by the prosecuting witness, it will rely for a conviction, and upon such election being made, as herein indicated, the evidence of prior acts of sexual intercourse may be introduced for the purpose of tending to show the commission of the act upon which the State has elected to base its case; and all acts of sexual intercourse subsequent to the date of the act upon which the State has elected to proceed, should be excluded. This suggestion upon the subject of requiring the State to elect upon which of the offenses indicated by the testimony it will proceed to trial at the next hearing, finds full support in the able, clear and logical opinion by Chief Justice PARKER, in People v. Flaherty, 162 N. Y. 532. There had been a former trial of that case and Judge PARKER, after pointing out certain errors calling for trict attorney in open court, by direct motion made and indicates the course that should have been pursued by

the court in the trial under review. He says: "As these errors call for a reversal of the judgment, we might not consider the case further were it not that the trial was conducted in distinct violation of the rights of the defendant in most important respects, and as the same course was pursued on the former trial to a certain extent, it seems to be our duty to guard against the repetition on the next trial of some errors most damaging in effect, which the defendant has had to meet on the previous trials. The indictment charges the defendant with the crime of an act of sexual intercourse with a female not his wife under the age of sixteen years, and alleges in due form that the act constituting the crime was committed on the 1st day of July, 1892. The complainant says that the defendant had sexual intercourse with her on seven different occasions prior to her becoming of the age of sixteen years. Notwithstanding the fact that if all of said acts were committed they constituted seven distinct crimes, for only one of which defendant was or could have been charged in this indictment, the People were permitted on the former trial to prove all of these acts and the jury authorized to find the defendant guilty, provided they found he had committed any one of them. On the trial, which is the subject of this review, the court refused to follow the precedent thus set for it in one respect only; it did hold finally that the defendant could be convicted for only one offense, but that decision did not go far enough, as we shall see, nor was it made at the time that it should have been. The defendant was represented by skilled counsel, who, although having but a very short time for the preparation of the case, fully appreciated the difficulties that had unjustly been placed upon the defendant on the former trial to defend against seven distinct crimes where but one was or could have been charged, and so, at the very opening of the trial, by request to the court, and also to the district attorney in open court, by direct motion made and objection to evidence taken, the counsel presented in

almost every way conceivable to the court that the defendant was charged with but one crime, could be tried for but one, and was entitled to know at the very beginning of the trial whether he was to be tried for a crime committed on the date alleged in the indictment, and if not, then that the People should state the date of the crime which it was purposed to prove as the one charged in the indictment. But the district attorney protested that it was his right to prove as many similar crimes as he could and to submit any one he chose as the one charged in the indictment. The court sustained the position of the district attorney and for seven days the taking of testimony on the part of the people proceeded, during the course of which twenty-one witnesses were called and testified to various outlying circumstances offered apparently in the hope that they might be in the end regarded as in some way corroborating the complaint as to some of the transactions detailed by her. A long, skillful and, at times, effective cross-examination had taken place, but without any knowledge on the part of the cross-examiner as to which one of the seven acts about which the complainant testified was to be submitted to the jury as the crime charged in the indictment. The People rested and then the court offered to entertain a motion to compel the People to elect upon which one of the transactions it would stand. The motion was made; direction to the People given; selection made; and then just at the very moment when the defendant was obliged to put his witnesses on the stand in support of his defense he was advised, and for the first time, for what particular crime his conviction was to be asked at the hands of the jury." It was finally ruled under the circumstances in that case that the action of the court in not compelling an election until after the close of the State's case, was erroneous and without support either in principle or authority.

Having indicated our views upon the main propositions disclosed by the record, and as it results in the

conclusion that a new trial must be had of this cause, it would perhaps be well to briefly suggest our views upon some of the remaining complaints of appellant. Appellant complains of the exhibition of the child that the prosecuting witness testifies was the result of the intercourse she had with defendant. It is sufficient to say of this complaint that we are of the opinion that the prosecuting witness had the right to testify that she became pregnant and gave birth to a child as the result of the intercourse she referred to, and if she has the child in the court room, we see no impropriety nor valid objection to her pointing it out and saying that is the child I gave birth to as the result of such intercourse.

It is also insisted that the court erroneously admitted the testimony of Dr. Crawford, in which the doctor undertook to identify by a memorandum in a book that he kept the fact of attending prosecutrix's mother at the time she gave birth to the prosecutrix, and thereby fix the date of the birth of the prosecutrix. It is sufficient to say of this complaint that unless the testimony of the doctor is sufficient to indicate that he was in fact in attendance upon the mother of the prosecuting witness at the time of the birth of such witness, and sufficiently identifies the parties concerned, then his testimony should be excluded; but, on the other hand, if his testimony tends to establish that he attended the mother of the prosecuting witness at the time she gave birth to such witness, and he is enabled, by refreshing his memory from a memorandum book, to reasonably fix the date of such birth, then such testimony is admissible.

This leads us to the consideration of the only remaining complaint which we deem necessary to give any attention to, that is, that the court refused to give, at the request of the defendant, the following instruction:

"The court instructs the jury that, under the laws

of this State, it is made the duty of the party ravished to make complaint of such ravishment immediately or as soon after such alleged ravishment as an opportunity can be had to do so. The court instructs the jury that the State has failed to make any proof of any such complaint by the prosecutrix, Florence Widdicombe, in this case. Now, if the jury shall believe from the evidence that said Florence Widdicombe had opportunity to make such complaint and failed to do so, then such failure to do so is inconsistent with the defendant's guilt and renders the charge of rape upon her by defendant improbable.''

This instruction has no application to this case and was properly refused by the court. The defendant is charged by the information with statutory rape, that is, with having carnal knowledge of a female under the age of fourteen years, and force or violence in accomplishing the act charged in the information constitutes no element of that offense, and the prosecuting witness may have consented to the act and sought to conceal it, yet such facts would in no way lessen or change the grade of the crime. The instruction requested by the defendant has application alone to that class of cases where, in order to constitute the offense, the act of sexual intercourse must be accomplished by force and violence and against the will of the female charged to have been ravished. While the prosecutrix in this case does say that the sexual act was accomplished by force, yet that testimony had absolutely nothing to do with the establishment of the guilt of the defendant of the offense charged, and in no way alters the nature and character of the offense charged. While it may be legitimately argued to the jury as affecting the weight to be attached to her testimony as to the act of sexual intercourse, still as a matter of law it is immaterial whether such act was accomplished with or without force, or whether she made or failed to make any complaint of the accomplishment of such act. We repeat that the

action of the court in refusing the instruction requested was entirely proper as applicable to this case.

We have indicated our views upon the controlling questions disclosed by the record, which results in the conclusion that the judgment of the trial court should be reversed and the cause remanded for a new trial in accordance with the views herein expressed, and it is so ordered.

All concur.