# THE STATE v. JAMES L. ARNOLD, Appellant.

### Division Two, February 15, 1916.

1. **CARNAL KNOWLEDGE: Evidence of Prosecutrix's Age.** Where the statute requires the prosecutrix to be under fifteen years of age in order to constitute sexual intercourse with her rape, proof that she was not fifteen at the time should be satisfactory and if possible her testimony thereto should be corborated.

State v. Arnold.

2. ——: ——: **Family Record.** Where the prosecutrix has testified that she was at the time of the carnal knowledge under fifteen years of age, and that her knowledge of her age was obtained from her parents and a family record, and the book being produced testified that it had been changed, the record, showing the date of birth of herself and brothers and sisters, should be admitted in evidence, and it was error to reject it, for three reasons: first, it was evidence of her true age; second, it was competent as tending to show that her statement of her age, based as she said, on said record, was false; and, third, it would tend to contradict her statement that the record, which, admittedly, for sometime had been in defendant's possession, had been changed.

3. ——: **Pregnancy; Year After Offense.** Where the trial for rape occurs more than twelve months after the prosecutrix was fifteen years of age, testimony by her and her physician that at the trial she was pregnant, and by her that her pregnancy was due to sexual intercourse with defendant, is incompetent, and if admitted is reversible error.

4. ——: **Continuance: Age of Prosecutrix.** Ordinarily in a prosecution for carnal knowledge of a female under fifteen years of age, where her age is a vital issue, an application for a continuance, based on the absence of her grandmother, sick and unable to attend the trial, who, if present, would testify that at the time of the offense she was over fifteen, should not be denied.

5. **REMARKS OF COUNSEL: Not Preserved for Review.** An assignment that the State's counsel was guilty of improper conduct in resorting to unwarranted argument cannot be reviewed if such matters are not preserved in the bill of exceptions.

Appeal from New Madrid Circuit Court.—*Hon. Frank Kelly,* Judge.

REVERSED AND REMANDED.

*Riley & Riley, Thomas Gallivan* and *E. F. Sharp* for appellant.

(1) The court erred in overruling the application for a continuance filed by the defendant on the ground of the sickness of Mrs. Baum, a most important witness. State v. Hesterly, 182 Mo. 32; State v. Maddox, 117 Mo. 667; State v. Dewitt, 152 Mo. 85;

State v. Warden, 94 Mo. 650; State v. Bradley, 90 Mo. 160. (2) The court erred in permitting the prosecuting witness to state on the stand, over the objection of the defendant, that she was pregnant and that the defendant was responsible for her condition. State v. Palmberg, 199 Mo. 233; State v. Scott, 172 Mo. 536; State v. Houx, 109 Mo. 654; State v. Evans, 138 Mo. 125; People v. Clark, 33 Mich. 112. (3) The court erred in permitting Dr. E. E. Jones to testify that he had made an examination of the prosecutrix a short time before the trial and that he found from such examination that she was pregnant. In the case at bar the court admitted Dr. Jones to testify as to her physical condition fourteen months after the date of the alleged act and over a year after the time when, according to her statement, she became fifteen years of age, and capable of consent under the law. State v. Evans, 138 Mo. 125; State v. Houx, 109 Mo. 662; State v. Scott, 172 Mo. 541. (4) The court erred in refusing to admit the family record as kept in the family of the prosecuting witness and which record would have shown her to have been over fifteen years of age at the time of the alleged intercourse. State v. Houx, 109 Mo. 664. The book was not a Bible, but was an "agricultural" report book. What kind of a book it was is immaterial. State v. Neasby, 188 Mo. 471; Beckham v. Nacke, 56 Mo. 546; Wigmore on Evidence, 1495; McKelvy on Evidence, secs. 153-160.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) Absent a motive for a false accusation, a conviction may be sustained for statutory rape upon the uncorroborated testimony of the prosecutrix. State v. Manuel, 263 Mo. 674; State v. Stockhouse, 242 Mo. 449; State v. Tevis, 234 Mo. 276; State v. Goodale, 210 Mo. 282; State v. Brown, 209 Mo. 413;

State v. Donnington, 246 Mo. 343. (2) The evidence is sufficient to sustain the verdict. State v. Manuel, 263 Mo. 273; State v. Bowen, 247 Mo. 584; State v. Stockhouse, 242 Mo. 444; State v. Miner, 263 Mo. 275; State v. Swain, 239 Mo. 727; State v. Lovitt, 243 Mo. 510; State v. Skillman, 228 Mo. 436; State v. Devorss, 221 Mo. 473; State v. Pipkin, 221 Mo. 464; State v. George, 214 Mo. 271; State v. Campbell, 210 Mo. 234. (3) An application for a continuance is addressed to the sound discretion of the court, with the exercise of which an appellate court will not interfere, unless it clearly appears from all the facts and circumstances that such discretion has been abused to the prejudice of appellant. State v. Sassaman, 214 Mo. 735; State v. Cummings, 189 Mo. 640; State v. Sublett, 191 Mo. 171; State v. Richardson, 194 Mo. 335; State v. Temple, 194 Mo. 250; State v. McKenzie, 228 Mo. 397; State v. Cain, 247 Mo. 704. (4) It is not error to refuse a continuance because of an absent witness when the testimony of such witness would be merely cumulative. State v. Horn, 209 Mo. 462; State v. Temple, 194 Mo. 252; State v. Crane, 202 Mo. 74; State v. Riddle, 179 Mo. 295. (5) When diligence is not shown it is not error to deny a continuance. (6) Prosecutrix was competent to testify to her own age subject to cross-examination. State v. Marshall, 137 Mo. 466; State v. Evans, 138 Mo. 121; State v. Congat, 121 Mo. 463. (7) United States census reports and certified copies thereof, containing the name, age, sex, color and occupation of inhabitants of this country, being public official records, required by law to be kept, and made by sworn public officials, are competent evidence to show the age and date of birth of such inhabitants. Priddy v. Boice, 201 Mo. 333, 9 L. R. A. (N. S.) 733.

REVELLE, J.—This is a prosecution by information charging rape upon a female child under the

age of fifteen years.   Trial resulted in a verdict of guilty, and assessment of punishment at imprisonment in the penitentiary for a term of five years.

On the part of the State; Mabel Stuart, the prosecutrix, testified that about June 1, 1913, she was employed by defendant as a domestic in his home, and so continued until August 3rd of that year.   During the first three weeks of her employment the defendant's family was absent, and from the first night of her stay in his home, on until she left, he had sexual intercourse with her about each night, this continuing even after the return of his family.   She testified that at that time she was not fifteen years old, her statement being that she did not reach that age until the following September.   She stated that her information and knowledge relative to her age was obtained from her parents, and an entry in a book which had been treated as a family record.   This book was produced and identified by her, but she stated that same had been changed.   She was unable, however, to specify or point out any changes that had been made . therein, and finally admitted that she could neither read nor write.   Her statement as to her age is not corroborated by any substantial testimony.   Over the objections of defendant, she and one Doctor Jones were permitted to state . that she was then, at the time of the trial, pregnant.

The record discloses that the trial was had more than a year after she had arrived at the age of fifteen years, even according to her own statement of her age. She further testified that defendant was responsible for her pregnant condition, and that this was the result of his acts of intercourse with her.

On the part of the defendant the mother of prosecutrix testified that the girl was born on the 1st day of September, 1897, and that at the time of the alleged acts of intercourse she was over fifteen years of age. She further testified that she had recorded the age of

prosecutrix in the record, to which reference has here-tofore been made, and that this correctly disclosed her age.

One Lewis, a neighbor of the Stuart family, tes-tified that he knew the age of the prosecutrix by rea-son of his knowledge of the date of the birth of one of his own children, and that she was born in the year 1897, and was, as testified to by the mother, over the age of fifteen years at the time of the alleged assault.

An application for a continuance, which was made by defendant, and overruled by the court, sets up that the grandmother of prosecutrix, then sick and unable to attend the trial, would testify that the girl was born in 1897.

Upon objections by the State, the court refused to admit in evidence the family record which both the prosecutrix and her mother had identified.

The views which we entertain on certain legal questions presented by this record make unnecessary a more extensive statement of the facts.

## OPINION

I. The overshadowing issue in this case was the age of the prosecutrix. In the law it is written that the assaulted girl must be under the age of fifteen years, and establishment of this fact

Rape: Age of Prosecutrix: Family Record. is just as essential to a conviction as is the fact of sexual intercourse, and the same satisfactory proof thereof is required. Proof of lascivious or reprehensible con-duct alone does not make out the charge of statutory rape, and a defendant charged with the latter crime can, as in all criminal cases, take issue with the State on any of the material and essential elements.

We have heretofore held that, absent an evident motive for a false accusation, a conviction for statu-tory rape may be sustained upon the uncorroborated testimony of the prosecutrix, but when we so declared

we were dealing principally with cases where the question went to the act of sexual intercourse, and we there recognized the commonly known fact that such acts are usually committed under circumstances which render corroborative proof unavailing. In the cases where we have held that corroboration of the prosecutrix's testimony as to her age was unnecessary her statements have been clear and positive, and not based upon a hypothesis which defendant showed to be false.

In the instant case the prosecutrix is not only not corroborated, but is contradicted by her mother and others by whom such a fact is generally and most satisfactorily proven. She says her information as to her age comes from her parents and a family record. The mother repudiates her statements as to the information coming from her, and the court refused to admit in evidence proof of the other source from which she says her information is derived. This was offered by the defendant and excluded upon the State's objection. The defendant's offer, however, discloses that it too would have contradicted her. For the present we leave as open the question as to whether, under such circumstances, her uncorroborated and contradicted statement of her age would be sufficient to sustain a conviction.

Upon what theory the court excluded the family record, which had been duly identified, we are unable to perceive. The date of the birth of the prosecutrix and of her brothers and sisters had been duly and timely recorded therein, and prosecutrix based her knowledge of her age largely thereon. This document had been prepared and preserved as a family record and was a matter of pedigree. It was competent for three purposes: (1) It was evidence of her true age (State v. Neasby, 188 Mo. 467); (2) it was competent and all important as tending to show that her statement as to her age, based, as she said, upon this

record, was false; and (3) it would tend to contradict her statement that the record, which, admittedly for sometime had been in the possession of defendant, had been changed. If an examination thereof by the jury disclosed no evidence of a change therein, after she had sworn it had been changed, would this not tend to affect her credibility as a witness; and it must be re-. membered that it is upon her testimony alone that this defendant stands convicted. [State v. Shouse, 188 Mo. l. c. 479.] We again repeat what we have, in one form or another, so frequently said, that while corroboration in certain cases may not be legally required, prosecutions on a charge for which there is a human abhorrence must be conducted with scrupulous fairness, so as to avoid adding other prejudice than that which the charge itself frequently produces. The trained legal mind owes this not only to the accused, but to the honest, and sometimes mistaken, juror who, by reason of human sentiment, is led amiss.

II. This record discloses another equally grievous error. The trial occurred more than twelve months after the prosecutrix was, according to her own statements, fifteen years of age, and a similar length of time after the acts of intercourse upon which the State relies were committed. Over the objections of defendant the State was permitted to prove that at the time of the trial, prosecutrix was pregnant. If we indulge the presumption that we are no more ignorant than the rest of mankind, we must judicially notice that the acts of sexual intercourse upon which this prosecution is based, occurred at a time which rendered it physically impossible for this pregnancy to result therefrom, and yet the prosecutrix testified that her pregnant condition was due to her intercourse with defendant. This, of course, was but proof that defendant had intercourse with her subsequent to the

*Pregnancy Long After Deflowering.*

acts relied upon, and this court has held, and, in my opinion, properly so, that such evidence is incompetent, and, when introduced, is sufficient to warrant a reversal. [State v. Palmberg, 199 Mo. 233.] Particularly is this true when the subsequent acts are as remote in time as this record discloses. [State v. Evans, 138 Mo. 116; State v. Scott, 172 Mo. l. c. 541.]

III. Complaint is also made that error was committed in overruling defendant's application for a continuance. While we probably would not reverse the judgment for this reason alone, we **Continuance.** are of the opinion that, under the peculiar circumstances of this case, the State should not have insisted, and the court should not have ordered, that the trial proceed in the face of this application, it seemingly possessing real merit.

IV. The objection that State's counsel was guilty of improper conduct in resorting to unwarranted argument is not open to review, **Improper Argument.** since no such matters are preserved in the bill of exceptions.

For the errors heretofore pointed out the judgment is reversed and the cause remanded. *Faris, P. J.,* and *Walker, J.,* concur.

