The State v. Lewis Amende, Appellant.—92 S. W. (2d) 106,

Division Two, March 21, 1936.

C. O. French and W. M. Raines for appellant.

Roy McKittrick, Attorney General, and William W. Barnes, Assistant Attorney General, for respondent.

TIPTON, P. J.—On March 16, 1934, an information was filed in the Circuit Court of Morgan County, Missouri, charging the appellant with statutory rape, in that on or before the —— day of October, 1929, he carnally knew a female child under the age of sixteen years. On appellant's application for a change of venue, the cause was sent to the Circuit Court of Benton County, where the appellant was tried,

found guilty and his punishment fixed at two years in the State penitentiary.

The evidence showed that the prosecutrix was born August 11, 1914. She testified that the appellant had sexual intercourse with her sometime during the month of October, 1929. Over the objection and exception of the appellant, she testified that the appellant had sexual intercourse with her on three subsequent occasions. She was unable to give the date of the latter three acts of intercourse.

We have repeatedly held that subsequent acts of alleged statutory rape are incompetent and should be excluded. [State v. Palmberg, 199 Mo. 233, 97 S. W. 566; State v. Arnold, 267 Mo. 33, 183 S. W. 289; State v. Harris, 283 Mo. 99, 222 S. W. 420; State v. Guye, 299 Mo. 348, 252 S. W. 955; State v. Bullington (Mo.), 274 S. W. 18; State v. Cason (Mo.), 252 S. W. 688.]

We think the evidence of subsequent acts of intercourse in the case at bar are especially harmful to the appellant because on the date alleged in the information the prosecutrix was over fifteen years of age, and the information was not filed until she was nearly twenty years of age. She would not undertake to fix a date of the second, third or fourth acts of intercourse. These acts may have taken place after she was sixteen years of age, and if they did the appellant would not be guilty of statutory rape. The information only alleged one act of intercourse, and that having been committed on the —— day of October, 1929.

On January 4, 1915, this court delivered the opinions in the cases of State v. Miller, 263 Mo. 326, 172 S. W. 385, and State v. Hamilton, 263 Mo. 294, 172 S. W. 593, in those cases we held that because the appellants had failed to request the court to require the State to elect upon which of the several acts of intercourse testified to by the prosecutrix, the cases would not be reversed because the court admitted evidence of acts of intercourse subsequent to the date alleged in the informations. We have been unable to find any case that has followed the Hamilton and Miller cases, nor do we think those cases should be followed. Where, as in the case at bar, the information charges only one offense the State cannot be required to elect until the State has offered evidence of acts other than those charged. If the evidence offered related to acts committed subsequent to the act charged, then of course it should not have been admitted over the objection of the accused. If the court properly ruled the objection, there would be no necessity for an election.

The appellant also complains of the misconduct of the jury. We will not discuss this point as it will probably not recur at the retrial of this case.

The court erred in admitting evidence of subsequent acts of sexual intercourse between the appellant and the prosecutrix.

The judgment is reversed and the cause remanded. All concur.