### STATE *vs.* ZABUD MEAD'S LIQUORS.

Upon the question whether intoxicating liquors, seized under the statute, were kept with the intent to sell them contrary to law, evidence of sales made both before and after the seizure is admissible.

And it makes no difference that the liquors sold were different in kind from those seized.

And held that evidence was admissible that packages, apparently of liquors, were received at the railroad station of the town, consigned to the person charged with keeping the liquors for sale, although there was no proof that they were actually delivered to him.

And that the failure to prove that the packages in fact contained intoxicating liquors went to the weight of the evidence, but did not render it inadmissible.

The judge stated to the jury in his charge that they had nothing to do with the question of costs, but added that the rule in cases of this kind differs from that in civil cases. He afterwards called them back and told them to dismiss from their minds what had been said on the subject of costs. Held to be no ground for granting the defendant a new trial.

PROCEEDING under the statute with regard to intoxicating liquors, for the seizure of liquors kept with intent to sell contrary to law; brought by appeal of Mead, who assumed the defence, from the judgment of a justice of the peace to the Court of Common Pleas for Fairfield County, and there tried to the jury before *De Forest, J.* Verdict for the State, and motion for a new trial by the defendant. The points decided will be sufficiently understood from the opinion, without a statement of the facts.

*W. F. Taylor* and *H. S. Sanford*, in support of the motion.

*L. D. Brewster* and *S. Tweedy*, with whom was *J. H. Olmstead*, State's Attorney, contra.

CARPENTER, J. The motion shows that several questions were made on the trial of this case in the court below, only three of which are now insisted on.

1. To prove that the liquors seized were kept with the intent to sell the same, the state offered evidence to prove two acts of sale, one before and one after the seizure; to which the defendant objected, but the court admitted it. We

State *v.* Mead's Liquors.

think it was properly received. Evidence of actual sales is strong evidence of the purpose for which liquors are kept. · In this case all sales were prohibited, as the town had voted "no license." The sales proved during that time clearly evince an intention to sell contrary to law. It matters not that the liquors sold were different in kind from the liquors seized. That circumstance does not affect the question of admissibility.

2. It was also admissible to prove that packages, apparently of liquors, were received at the railroad station directed or consigned to the defendant and one Turrill. The failure to show that the packages were actually delivered to the defendant does not render the evidence inadmissible. The failure to prove that they contained liquors in fact was a circumstance which affected the weight of the evidence. As such it was doubtless considered, as the State claimed nothing from it. The omission of the court to withdraw it from the jury was not erroneous.

3. The court stated to the jury that they had nothing to do with the question of costs; but added that the rule in cases of this kind differs from the rule concerning costs in civil cases. Subsequently the jury were recalled and instructed to dismiss from their minds what had been said on the subject of costs. We see nothing in this which was calculated to prejudice the defendant. It would doubtless have been quite as well to have told the jury that that was not a subject for them to consider, and stop there. The course taken, however, does not entitle the defendant to a new trial.

A new trial is not advised.

In this opinion the other judges concurred.