STATE *vs.* WILLIAM E. ACHESON.

Washington.   Opinion January 8, 1898.

*Indictment.   Pleading.   Time.   Evidence.*

In the trial of an indictment, containing but a single count, the state introduced competent proof of the assault alleged to have been committed on the third day of January, and more specially identified the occasion as the evening of the second Sunday after Christmas, when the defendant's wife was at church. The complainant was then permitted, against the defendant's objection, to give testimony to prove three other subsequent assaults upon her by the defendant. *Held;* that before this testimony of other assaults had been heard, it was not error for the presiding judge to refuse the defendant's request that the prosecuting attorney be compelled to elect upon which assault he would rely, especially as rulings upon such requests are ordinarily within the domain of judicial discretion.

It did not appear, however, that at any later stage of the trial the state expressly elected, or was required to elect, upon which one of the four separate assaults it would rely to substantiate the charge in the indictment. *Held;* that under these circumstances, in justice to the defendant, the state should be deemed to have elected by implication to rely upon the first assault proved, which was alleged to have been committed January third, and identified as the one intended to be described in the indictment.

Evidence of other crimes of a precisely similar nature to that charged and not connected with it, though deemed inadmissible to prove the commission of the act involved in the substantive charge, is yet uniformly received for the limited and specific purpose of aiding to determine the quality of the act, and the legal character of the offense, by illustrating the intent with which the act was committed. But, in this case, the evidence of other assaults appears to have been received, not simply for the secondary purpose of showing the nature and intent of the first one, but as proof of other substantive offenses upon each one of which a conviction might have been had; and in this state of the evidence the jury were instructed that if they were satisfied that on any date while the complainant lived in the defendant's house he was guilty of the charge, it was their duty to convict him. *Held;* that under this instruction upon evidence showing four independent assaults, some of the jury may have been satisfied that an assault was committed on one of the occasions specified, and others, of an assault on a different occasion, and thus a verdict rendered without unanimity respecting either of them.

*Held;* that the ruling admitting evidence of other similar assaults without explanation of its limited purpose and effect, and the foregoing instruction to the jury upon that state of evidence, were erroneous.

On Exceptions by Defendant.

The case appears in the opinion.

*W. T. Haines*, Attorney General, *and F. I. Campbell*, County Attorney, for State.

*C. B. Rounds*, *G. M. Hanson*, *and R. J. McGarrigle*, for defendant.

Sitting:    Emery, Foster, Whitehouse, Strout, Savage, JJ.

Whitehouse, J.   This is an indictment for an assault with "attempt" to ravish and carnally know a female child under the age of fourteen years.   There is but one count in the indictment and the offense is there alleged to have been committed on the third day of January, 1897.   In support of the charge the complainant gave testimony tending to show that such an assault was committed upon her on Sunday evening, the second Sunday after Christmas, which was the third day of January, while the defendant's wife was "at meeting."   The government then offered to show another independent assault, of the same nature, committed on the complainant four or five days later.   The defendant's counsel objected to this testimony, and the following colloquy took place between the court and the counsel:

Court.   " What is the ground of the objection?

Counsel.   "The ground of the objection is that in this indictment the allegation is of the assault on the third day of January which has already been described.   There is no allegation of any other offense at any other time.   I simply say this story has been told three times under oath and an election has been made, at a former time, entirely different from this.   . . . .   We ought to be warned by the indictment what we are to defend.   I don't think they should be permitted to put in an accumulation of offenses without the allegation being made that those offenses were meant. . . . .   Now one has already been sworn to.   I don't think we are to answer to other dates; and as the county attorney states in his opening the most important assault was away on, at some other date.

The Court. "Well, the testimony that the County Attorney has detailed in his opening has already been gone over. You heard her testify to it before.

Counsel. "That ought not to be the essential in this trial.

The Court. "If that be true, I don't think it can surprise the defendant any.

Counsel. "Yes, but we ask it upon another ground, that it is an election, what would be the attempt, perhaps, to prove another assault and he accumulates a mass of assaults.

The Court. "Yes, but he cannot have but one.

Counsel. "Then let him elect.

The Court. "He must tell you before he gets through which one.

Counsel. "Ought he not to tell now so we can be prepared?

The Court. "No, I will admit the evidence in this case and reserve for you an exception. The County Attorney offers evidence of assaults subsequent to this one already detailed and I admit the evidence.

Counsel. "To all that I wish now to object.

The Court. "Yes, but subject to the modification which I shall give before the case closes.

Counsel. "I wish to object to the whole."

Thereupon the complainant was permitted to give testimony tending to prove the commission of three other similar assaults upon her by the defendant on different days specified by her, following January third, and all within a period of about two weeks. But the report of the case does not disclose that there was any subsequent modification by the court of the ruling under which this testimony was admitted. Neither does it show that at any later stage of the trial the government expressly elected, or was required to elect, which one of the four separate assaults thus identified by the complainant's testimony, it would rely upon to prove the substantive charge set out in the indictment. Nor does it appear that there was any further allusion to this question, before the close of the trial, except in the following instruction to the jury in the charge of the presiding judge:

"Now in this case the charge is laid on the third of January last. I have already ruled, and I do now rule to you, that that date is immaterial, and I say to you that, if you are satisfied as I have told you, that the defendant is guilty of this charge at any time during the period when this little girl lived in the family of Mr. Acheson, that will be sufficient. I do not require you to fix the date, nor is it necessary for the state to fix the precise date. If the state has satisfied you by evidence, beyond a reasonable doubt, that on any date while this little child lived in defendant's house, he was guilty of this charge, then it is your duty to convict him."

To this instruction, and to the rulings of the presiding justice admitting evidence of assaults upon other occasions than that alleged in the indictment, and refusing to require the prosecuting attorney to elect upon which one he would rely as the act charged, the defendant has exceptions.

It is an elementary principle in the law of evidence that when a respondent stands charged with the commission of a particular criminal act, evidence that he did a similar thing at some other time is generally deemed irrelevant and inadmissible. The considerations of justice underlying this rule are sufficiently obvious. The admission of such collateral facts in evidence would tend to place the defendant's whole life in issue on the charge of a single act, and oppress him with irrelevant matter of which he had received no notice and which he could not be prepared to meet. Proofs of numerous other crimes similar to that charged may indeed have a tendency to show the accused to be devoid of all moral restraint and "fatally bent on mischief" and thus, in a moral sense, increase the probability of his guilt with respect to the particular offense set out in the indictment, but such evidence does not for that reason become legally admissible when there is no question in regard to the nature of the act charged. Evidence that the defendant's general reputation is bad with respect to that element of character involved in the crime charged, or bad generally as a man of moral worth, might also tend in some degree to lay the foundation for a presumption of guilt; but the rule is firmly established and unquestioned that such evidence cannot be received

until the accused has opened the door by introducing evidence of his good reputation.

But evidence of other crimes of a precisely similar nature to that charged, and not connected with it, though deemed inadmissible to prove the commission of the act involved in the substantive charge, is yet uniformly received for the limited and specific purpose of aiding to determine the quality of the act and the legal character of the offense by illustrating the intent with which the act was committed. "To prove intent," says Mr. Wharton, "similar evidence is pertinent. One blow given to A by B may be accidental; few counsel would have the audacity to claim accident for eight or ten blows given to A by B at successive intervals under varying conditions. One letter sent by A to B demanding money may be ambigious; it may cease to appear so if seen in the light of a series of prior letters demanding money with threats whose purport is unmistakable." 1 Whar. Ev. §§ 31, 32. "The proof of criminal intent and of guilty knowledge" says Mr. Bishop, "not generally admitting of other than circumstantial evidence may often be aided by showing another crime attempted or perpetrated and when it can be it is permissible." 1 Bish. Crim. Proc. § 1126. Familiar illustrations of the doctrine are found in cases of successive cheats and forgeries and in passing counterfeit money to different persons. So when the respondent stands indicted for a single act of adultery, evidence of other acts of adultery complained of is admitted to prove the mutual disposition of the parties, and to illustrate the nature of the intimacy shown by their conduct on the occasion in question; "the reception of such evidence to be largely controlled by the judge who tries the cause, and the evidence to be submitted to the jury with proper explanation of its purpose and effect." *State* v. *Witham*, 72 Maine, 531.

In Bishop's Crim'l Procedure, Vol. 2, § 970, the author says:— "On a trial for assault with intent to commit a rape, an English judge rejected evidence that on a previous occasion the defendant had taken liberties with the same woman. The contrary to this, believed to be the better law, has been adjudged with us:" citing *Williams* v. *The State*, 8 Humph. 585; *State* v. *Neely*, 74 N. C.

425; and *State* v. *Walters,* 45 Iowa, 389. In the latter case the respondent was indicted for an assault with intent to commit rape, and the complainant was allowed to give evidence of a number of other assaults of the same character "some of which occurred some time prior to the finding of the indictment," and the court say: "To the introduction of this evidence we believe there can be no valid objection. In an indictment for an assault with intent to commit a rape, evidence of previous assaults on the prosecutrix, is admissible to show the intent with which the act was committed."

In the case at bar the complainant had given clear and positive testimony of an assault on the third day of January, and further identified the occasion of this first assault by reference to the fact that it was the second Sunday after Christmas, and to the circumstance that it was on the evening when the defendant's wife was "at meeting." Assuming that evidence of the three assaults on subsequent occasions was admissible for any purpose, it was not error for the presiding judge to refuse to grant the defendant's request for an election by the prosecuting attorney before the evidence was admitted. Aside from the fact that rulings upon requests for an election are ordinarily within the domain of judicial discretion, it was not practicable to make an election before it was shown that more than one assault had been committed. But though reminded by the court that, if evidence of other assaults was received, he must elect upon which one he would rely before resting the government's case, the prosecuting attorney failed to give notice of any such election, and no election appears to have been made by him except that implied by his conduct of the trial. He had introduced competent evidence of the substantive charge of an assault laid on the third day of January, and more specially identified the occasion as the Sunday evening when the defendant's wife was absent at church. As Mrs. Acheson only attended church once during that month, it was of course immaterial whether that occasion was on the third, or the tenth, or the seventeenth of January. It was the occasion of the first assault committed upon her, and was manifestly the occasion of the assault intended to be described in the indictment.

Under these circumstances, and in the absence of any notice from the prosecuting attorney that he would rely upon any other assault, in justice to the defendant the state should be deemed to have elected by implication to rely upon the first assault, alleged to have been committed on the third day of January and shown by the complainant's testimony to have been on the Sunday evening stated. 1 Bishop Cr. Proc. §§ 461, 462, and authorities cited. Indeed, some courts go further and hold that when the prosecutor has introduced direct evidence of one act for the purpose of procuring a conviction upon it, that particular act then becomes the act charged; and that when he has thus made his election, he cannot elect again. *People* v. *Jenness*, 5 Mich. 305. Under our procedure, however, it is doubtless within the discretion of the court to permit another election at any time before the defendant is required to introduce his evidence, and if it can be done without injustice to the accused, any time before the case is submitted to the jury. But this judicial discretion must of course be exercised with reference to the special facts of each case. 1 Bish. Crim. Proc. § 461.

In the case at bar, if public justice required a conviction upon each of the four assaults proved by the state's evidence, it was only necessary to frame an indictment with four counts setting out the several independent acts relied upon. The difficulty now is that after the state had proved the particular assault upon which it elected by implication to rely for a conviction under the single count in the indictment, it appears to have introduced evidence of three other similar assaults, not simply for the secondary purpose of showing the nature and intent of the first one, but as proof of other substantive offenses, upon each one of which a conviction might have been had. This evidence was received and remained in the case without any explanation of its limited tendency and purpose. In this state of the evidence, the jury were instructed in the charge that if they were satisfied " that on any date while this little child lived in the defendant's house he was guilty of this charge " it was their duty to convict him. This would have been a correct and appropriate instruction if only one assault had been

proved. But as applied to evidence showing four independent assaults on different days, there is ground for apprehension that it was inadequate and misleading. Under this instruction and upon this evidence, some of the jury may have been satisfied that an assault was committed on one of the occasions specified, and others of an assault on a different occasion, and thus a verdict rendered without unanimity respecting either of the occasions described in the testimony. It is, therefore, the opinion of the court that the ruling admitting evidence of other similar sssaults without explanation of its purpose and effect, and the foregoing instructions to the jury upon that state of the evidence, must be deemed erroneous.

*Exceptions sustained.*