STATE OF MAINE *vs.* MARY O'TOOLE.

## Cumberland.   Opinion November 13, 1919.

*Discretionary power of sitting Justice relative to the question of remoteness of evidence offered.   General rule as bearing on the question of offering evidence or the admissibility of same tending to show a custom, practice, or habit.*

On trial of a complaint for keeping intoxicating liquor with intent unlawfully to sell it in this State, the Judge presiding, against objection on the ground of remoteness of time, permitted the prosecution to offer evidence that, some 18 months before the time charged in the complaint, persons were seen going in and coming out of the place which respondent had continuously occupied for years before the occasion in question; and that, on one day about 3 months after that on which the persons were seen going in and coming out, the respondent then had intoxicating liquor in her possession.   Suitable instruction was given the jury, that the evidence was competent only in relation to the intent with which the respondent kept the particular liquor, for the keeping of which she was being prosecuted.

Reception of such evidence is largely for the discretion of the Judge presiding at the trial.   It should come from a time near that in question, or be connected therewith by testimony showing the existence of a like condition through the intervening period.   Remoteness of time is merely one consideration which may actuate the ruling of a trial Judge.   What may seem far off in one case may appear very differently when looked back upon from the environment of another.

The Judge who presided at the trial having decided that the offered testimony was not too remote in point of time, this court is not privileged to say that his discretion was wrongly exercised.

Complaint and warrant for keeping intoxicating liquors with intent to sell same unlawfully.   Superior Court, Cumberland County. Verdict of guilty.   Respondent filed exceptions to the rulings of the presiding Justice admitting certain testimony offered on behalf of State.   Exceptions overruled.

Case stated in opinion.

*Carroll L. Beedy, Clement F. Robinson,* for State.

*Henry C. Sullivan,* for respondent.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J. The complaint charged against the respondent, the possession of intoxicating liquor, at Portland, on November 30, 1918, with intent unlawfully to sell it in this State. Testimony tending to show respondent's possession of the liquor on that date, and that, for 16 years before that time, she continuously had occupied the premises where it was found, was introduced by the prosecution. Thereupon, in relation to the intent accompanying her possession of the liquor, the court, against objection, permitted the State to offer evidence that, on May 30, 1917, some 18 months before the date alleged in the complaint, persons were seen going in and coming out of the respondent's place; and that, on one day about three months later in the last named year, she then had intoxicating liquor in her possession. Suitable instruction was given the jury, that the evidence was competent only in relation to the intent with which the respondent kept the particular liquor, for the keeping of which she was being prosecuted.

In support of exceptions, respondent strenuously argues that the acts testified to were at times so remote as to be fatal to their admissibility.

Time in its flight affects the weight of evidence. Still, it does not necessarily impair its significance. Exact limitation within which an act must have had occurrence, in order to give it evidential status, would be difficult of satisfactory definition by an epochal boundary line. Questions of the nature of that here presented involve the principle of separate instances to show a character or habit, or a plan or course of business. The unlawfulness of the possession of the liquor by the respondent, as set out in the complaint, was directly in issue. It not only was an essential ingredient, but of the very essence, of the offense. Evidence, confined within reasonable limits, of a previous breach of the liquor laws by her, was admissible with regard to the unlawfulness of her possession of the particular liquor. The offense charged being in its nature a continuing one, sales by the respondent before, after, and at the time of the alleged keeping might have been shown to the limited extent of shedding light upon an intent to sell the especial liquor. *State* v. *Plunkett*, 64 Maine, 538; *State* v. *Neagle*, 65 Maine, 468; *State* v. *Raymond*, 24 Conn., 204;

*State* v. *Mead,* 46 Conn., 22. Introduction of this kind of evidence should be carefully guarded: It should come from a time near that in question, or be connected therewith by testimony showing the existence of a like condition through the intervening period. Reception of such evidence is largely for the discretion of the Judge presiding at the trial.

The acts testified to may or may not have been strong in probative force. They were not very near in point of time. If, previously, persons went to the respondent's place in such numbers, and under such circumstances as thereby to furnish evidence, in connection with other circumstances, that she then was violating the liquor laws, such fact might tend to prove guilty design as charged in the complaint. Possession by her, at an earlier time, with unlawful purpose, of intoxicating liquor, might reflect her later intent concerning other liquor. The point made against the testimony offered in this case was that of remoteness of time. Remoteness of time is merely one consideration which may actuate the ruling of the trial Judge. What may seem far off in one case may appear very differently when looked back upon from the environment of another. *State* v. *Plunkett, supra,* was a liquor search and seizure process. The record of a former conviction, about ten weeks before, was admitted as evidence of intent. In *Commonwealth* v. *Gagne,* 153 Mass., 205, an indictment for keeping intoxicating liquor for illegal sale, it was held that evidence of police officers as to what they had seen, in connection with the conduct of defendant's establishment, during the 7 months before the time alleged, was not so remote that it might not properly have been admitted. *State* v. *Welch,* 64 N. H., 525, was an indictment for a sale of cider to a person named. Evidence of sales to other persons, in the month following, five months previously, and in the year next preceding the first day of the term when the indictment was found, was admitted at the trial. As to the last, the court said that it tended to show that respondent "was in the business." On trial of an information, in *Caldwell* v. *State,* 17 Conn., 467, for keeping a house of ill-fame, evidence that divers persons of lewd and dissolute character, for 2 years next before the time when the statute on which the information was based went into operation, resorted to the house in question for the purpose of prostitution or lewdness, was held, in connection with the evidence which accompanied it, as fairly conducing to prove the character of the house, and the purpose for which

it was kept after the statute took effect. In *McMahon* v. *Harrison*, 6 N. Y., 443, concerning the fitness of a person to be administrator of an estate, his habits of life 19 months before were shown in evidence. Cases cited by counsel, with periods of time varying from 3 weeks to 6 months, all go to the principle of the general admissibility of the evidence. In each, depending on its own facts, the testimony was admitted.

In the case in hand, it was decided that the offered testimony was not too remote in point of time. Albeit another Judge might have decided otherwise, we are not privileged to say that the discretion of the presiding Justice was wrongly exercised.

*Exceptions overruled.*