STATE OF MAINE *vs.* IGNAC BAKERWICZ.

Cumberland.    Opinion March 30, 1920.

*Unlawful possession of intoxicating liquor.    Motion to direct a verdict for defendant.*
*Refusal.    Exceptions.    Exceptions overruled.*

This is a complaint against the defendant for the unlawful possession, on July 8, 1919, of intoxicating liquor, consisting of twelve quarts and one pint whiskey. During the course of the trial several exceptions were noted to the admission of testimony tending to show illegal possession of intoxicating liquor since four or five months before.

But these exceptions are not argued and we assume were abandoned upon the rules announced in the very recent decision of *State* v. *O. Toole,* 118 Maine, 314, 108 Atl., 99.

Several other exceptions were taken but not sufficiently amplified in the bill of exceptions to show whether the testimony admitted or excluded was prejudicial or otherwise.    These exceptions are not argued.

The only exception argued is upon the refusal of the presiding Justice at the conclusion of the testimony to direct a verdict for the defendant.

A careful reading of the evidence discloses ample evidence for the verdict of conviction.

Indictment for the unlawful possession of intoxicating liquor.    At the conclusion of the testimony, the presiding Justice, on motion, refused to direct a verdict for defendant, to which refusal exceptions were taken.    Verdict of guilty.    Exceptions overruled.

Case stated in opinion.

*C. L. Beedy, County Attorney, and Clement F. Robinson,* attorneys for State.

*Henry C. Sullivan,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

SPEAR, J.   This is a complaint against the defendant for the unlawful possession, on July 8, 1919, of intoxicating liquor, consisting of twelve quarts and one pint of whiskey.   During the course of the trial several exceptions were noted to the admission of testimony, tending to show illegal possession of intoxicating liquor some four or five months before.

But these exceptions are not argued and we assume were abandoned upon the rules announced in the very recent decision of *State* v. *O. Toole,* 118 Maine, 314, 108 Atl., 99.

Several other exceptions were taken but not sufficiently amplified in the bill of exceptions to show whether the testimony admitted or excluded was prejudicial or otherwise.   These exceptions are not argued.

The only exception argued is upon the refusal of the presiding Justice at the conclusion of the testimony to direct a verdict for the defendant.

A careful reading of the evidence discloses ample evidence for the verdict of conviction.

*Exceptions overruled.*