STATE

*vs.*

ROBERT H. JORDAN.

Cumberland.    Opinion March 14, 1927.

*The admission of a photograph in a jury trial is a question addressed to the discretion of the trial judge, and in the absence of abuse of discretion, exceptions do not lie, and the testimony of the photographer is not a prerequisite if the photograph is shown to be an accurate representation by other competent testimony.*

The word "unnecessarily" in section 44 chapter 126, R. S. cannot be so construed as to excuse failure to provide animals with proper food because to do so involves inconvenience or additional expense.

On exceptions. The respondent was indicted for cruelty to animals under section 44, chapter 126, R. S., and found guilty by a jury. During the trial, counsel for respondent excepted to the admission of photographs of the cattle; to a refusal to direct a verdict for the respondent; and to a refusal to instruct. Exceptions overruled.

The case sufficiently appears in the opinion.

*Ralph M. Ingalls, County Attorney, and Franz U. Burkett, Assistant County Attorney,* for the State.

*Joseph E. F. Connolly,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J. On exceptions. Respondent was convicted of violating the provisions of section 44, chapter 126, of the Revised Statutes by reason of an unnecessary failure on his part to provide certain cows, of which he was the owner, with proper food.

The exceptions relied upon are (1) to the admission in evidence of

photographs of four of the cows, and, (2) to the refusal of the presiding Justice to direct a verdict. Other exceptions were noted, but not argued and apparently not relied upon.

Respondent concedes that, ordinarily, no exception lies to the admission or exclusion of photographs, such admission or exclusion being a matter of discretion, but urges that in this instance the discretion was abused, in that the photographs were not shown to have been fairly representative of the objects portrayed and not sufficiently verified as photographs of respondent's cattle.

Our court has granted to trial judges a very wide latitude in receiving or refusing this kind of evidence. Whether or not photographs may be admitted as evidence is a question addressed to the discretion of the trial judge. Whether any given photograph appears to be fairly representative of the object portrayed and whether or not it may be useful to the jury are preliminary questions addressed to his discretion, and, except for abuse of that discretion, no exception lies. *State* vs. *Hersom*, 90 Maine, 273; *Jameson* vs. *Weld*, 93 Maine 345; *Stone* vs. *Street Railway*, 99 Maine 248; *Babb* vs. *Paper Co.*, 99 Maine 298; *Rodick* vs. *M. C. R. R.*, 109 Maine 530. The same rule and the same wide latitude prevails in Massachusetts. *Blair* vs. *Pelham*, 118 Mass. 420; *Carey* vs. *Hubbardston*, 172 Mass. 106; *Everson* vs. *Casualty Co.*, 208 Mass. 214.

The admissibility of a photograph does not depend on its verification by the photographer, provided it is shown to be an accurate representation by any one competent to speak from personal observation. The sufficiency of the verification is a preliminary question of fact for decision by the trial judge. *McGar, Admr.* vs. *Bristol*, 71 Conn. 652. In *State* vs. *Cook*, 75 Conn. 267, a case involving a prosecution under a similar statute to that under which this indictment was brought, a like question arose and the court said, "Whether the photographs so represented the condition of the horses at the date referred to by the state's witnesses as to be of any value as evidence was a preliminary question to be decided by the court; but, in the absence of any finding that they were inaccurate, or useless to the jury, it was error to exclude the evidence."

The identifying testimony in this case came principally from one witness, who testified as follows:

"Q. Handing you States Exhibit 4 do you remember that cow when that photograph was taken?

A. I do.

Q. Handing you States Exhibit 3 do you remember that cow when that photograph was taken?

A. I do.

Q. Handing you States Exhibit 5 do you remember that cow when that photograph was taken?

A. I do.

Q. Handing you States Exhibit 2 do you remember that cow when that photograph was taken?

A. I do.

Q. Were those cows that way in Robert Jordan's barn when you went there?

A. Sure.

Q. What about these pictures? Are they fair representations of the cows and the condition of them?

A. They flatter them greatly."

There was some corroborating evidence to the same effect. There was none offered to rebut it. On that evidence it was clearly within the discretion of the trial judge to decide the question of admissibility, and no abuse of that discretion to admit the evidence.

The exception to the refusal to direct a verdict raises a like question to that raised on general motion to set aside a verdict in a case in which such motion is appropriate. If on any tenable view of the evidence the jury were justified in finding that the respondent's guilt was proven beyond a reasonable doubt, the verdict must stand.

The evidence fully measures up to that standard. The definite charge concerning these cows was that they were not being properly fed. On the most favorable view of the testimony their food consisted of meagre pasturage, supplemented by eight pounds of hay and two quarts of bran, per day, for each of the grade Holstein involved. Whether or not this was properly providing the animals with food was a question of fact.

Respondent urged the impossibility of procuring adequate pasturage in that vicinity, and argued that the word "unnecessarily" in the statute should be so construed as to excuse his failure to properly feed the animals, in view of the fact that he had earnestly though unavailingly endeavored to secure pasturage for them. But cows may be fed without the aid of a pasture. The hay and grain stores presented avenues through which he could supply them with sufficient

food had he desired to do so. His failure to so supply them was not a matter of necessity.

The case presented a plain issue of fact which was properly submitted to the jury. Respondent takes nothing by his exception to refusal of the presiding justice to do otherwise.

*Exceptions overruled.*