STATE OF MAINE
*vs.*
GEORGE R. BECKWITH

Cumberland.   Opinion, May 11, 1962.

*Arthur Chapmen, Jr., County Attorney,*
*Theodore Barris, Asst. County Attorney,* for the State.

*Casper Tevanian,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. This case is before us upon exceptions taken by the respondent to the admission of certain evidence, and to alleged erroneous instructions on the part of the presiding justice, and upon general appeal.

The respondent was indicted, tried and convicted upon a charge of incest with his thirteen year old daughter.

The indictment was laid in the County of Cumberland and alleges that the offense was committed in the Town of Scarborough. There is no need of reciting the sordid details which were developed in the evidence, but over the objections of the respondent, testimony was introduced to the effect that the respondent had previously committed acts of a similar nature upon his daughter in the County of Androscoggin and in the Commonwealth of Massachusetts.

The State relied for conviction upon one incestuous act in the County of Cumberland.

At the close of all the evidence, the respondent filed a motion addressed to the presiding justice for the direction of a verdict of not guilty. This motion was denied and the respondent seasonably took and filed his exceptions.

This procedure serves as the basis for respondent's first exception.

After a verdict of guilty, the respondent filed a motion for a new trial upon the usual grounds that the verdict was against the evidence and the weight thereof, and also that a child of immature years alleged to be incapable of understanding, knowing, and appreciating the consequences of an oath, was permitted to testify.

This motion was denied and the respondent appealed.

During the process of the trial, the respondent objected to the admission of prior incestuous acts between the respondent and his daughter on the grounds that the acts sought to be proven were too remote.

After the charge of the justice, exceptions were also taken to a portion of the charge upon the theory that the instructions were improper in that the jury was not informed that evidence of prior incestuous acts was admitted for a limited purpose only; and that in fact, the jury was told that the evidence could be considered for a broader purpose.

Respondent's exception to the admission of evidence of prior acts, because of remoteness, and to the alleged insufficient and improper charge of the justice form the basis for respondent's second exception.

Denial of a respondent's motion for a directed verdict, and exceptions taken thereto, raises the same question as that presented upon appeal following the denial of a motion for a new trial. *State* v. *Jordan*, 126 Me. 115, 117; 136 A. 483; *State* v. *McKrackern*, 141 Me. 194; 41 A. (2nd) 817.

In view of the manner in which we propose to dispose of the case now before us, we shall not discuss the first exception of the respondent, nor his appeal, except to say that the question of the competency of a child to testify is addressed largely to the discretion of the presiding justice.

> "It has long been recognized in Maine that a child of tender years, capable of distinguishing between good and evil, may in the discretion of the court be examined on oath." *State* v. *Ranger*, 149 Me. 52, 55; 98 A. (2nd) 652.

In the instant case the presiding justice after an adequate examination permitted a nine year old boy to offer testimony. We can discover no abuse of discretion and, therefore, can perceive no error.

The second exception of the respondent raises the issue of remoteness. In *State* v. *O'Toole*, 118 Me. 314; 108 A. 99, this court held that when the issue of remoteness is raised, reception of the evidence is largely within the discretion

of the presiding justice. In the case now before us we find no error on the part of the presiding justice in the exercise of his discretion and respondent takes nothing by this portion of his second exception.

In argument, counsel for the respondent contended that the evidence contained inadequate proof of the relationship between the respondent and the complaining witnesses. Proof of relationship insofar as the evidence is concerned was limited to statements on the part of the child that the respondent was her father. She identified him in court before the jury and in cross-examination the respondent admitted that she was his daughter.

It is our opinion that this evidence is sufficient to prove the relationship.

> "The kinship between the parties may be proved by the evidence of relatives and friends and by family reputation. It is for the jury to determine what degree of consanguinity or affinity has been shown, * * *." Underhill's Criminal Evidence, 5th Edition, Vol. 3, § 745.

> "The defendant's admission of relationship with the person with whom he holds incestuous intercourse is sufficient proof of such relationship; and the proof, also, may be by reputation." Wharton's Criminal Law, 12th Edition, Vol. 2, § 2117.

Upon the issue of the admission of evidence of prior incestuous acts between the respondent and the complainant, text books and court opinions are replete with decisions to the effect that such evidence is admissible for the limited purpose, however, of showing the relationship between the parties, their mutual disposition and the incestuous disposition of the respondent.

> "Evidence tending to show illicit intercourse by the defendant with the same person charged in the indictment, both before and after the day laid, is

competent to prove the relation and mutual disposition of the parties." *State* v. *Williams*, 76 Me. 480, 481.

"But evidence of other crimes of a precisely similar nature to that charged, and not connected with it, though deemed inadmissible to prove the commission of the act involved in the substantive charge, is yet uniformly received for the limited and specific purpose of aiding to determine the quality of the act and the legal character of the offense by illustrating the intent with which the act was committed. *State* v. *Acheson*, 91 Me. 240, 244; 39 A. 570.

"The respondent complains as to the admission of testimony that the female minor named in the indictment was permitted, over objection, to testify to acts of earlier happening between the parties, similar to the offense charged, and relies upon *State* v. *Acheson*, 91 Me. 240, 39 A., 570. The principle declared in that case is not applicable to the present. There evidence of offenses similar to the one charged was admitted not for the purpose of showing intent or relationship between the parties but as proof of such other substantive offenses, * * *." *State* v. *Berube*, 138 Me. 11, 13; 26 A. (2nd) 654.

See also *State* v. *Norton*, 151 Me. 178; 116 A (2nd) 635; 167 A. L. R. 606; Wharton's Criminal Evidence, 12th Edition, Vol. 1, § 242, Page 554.

Now let us look at that portion of the charge of the presiding justice to which objection is made.

The record indicates that the court charged as follows:

"There has been some discussion of the date. The indictment alleges, I believe, the 30th day of March, 1960. The Court now instructs you that the State has to allege a date, but the proof of the act on a date other than that, if it occurs within a period within the statute of limitations, that is, within

six years prior to the date of this indictment, that would satisfy the requirement. That is, you do not have to prove that particular date. Of course, the State does have to prove a specific act, and we are only trying this respondent for one act, but under our law other acts, if there were such, and you determine there were, have been admitted for the purpose of showing the relationship between the parties *and for such help as that testimony may be to you* (emphasis supplied) in arriving at your determination of the facts. Are there any requested instructions?"

We are convinced that this instruction is erroneous in that it failed to admonish the jury that the evidence in question was admissible only for a limited purpose, and also in that the statement: "and for such help as that testimony may be to you" was much too broad.

In the case of *State* v. *Seaburg*, 154 Me. 162, 170, 145 A. (2nd) 550, is to be found a quotation from the charge of the presiding justice in relation to evidence which was admitted of prior acts of similar nature between the respondent and the complainants. In that case the presiding justice, in a proper instruction, said:

"There are some phases of the evidence that I want to briefly discuss with you. In the first place there was testimony in this case, against the objection of counsel for the respondent, of acts of indecent liberties upon Mr. Skinner by the respondent after the offense relied upon by the State. Now I will say to the jury at this time that this evidence, if you should find it to be true — it is denied by the respondent — but if you should find it to be true, that has no bearing upon the commission of the offense charged, except to show the relationship between the parties. The respondent is not on trial here for any of these acts which were charged by the State to have been performed after the main act, and because he may have committed another act later — of course the respondent de-

nies he did — but if this jury should find he did commit another later act, it does not show he committed the prior act * * * * *. In other words, if a man commits one offense it is no reason for determining that he has committed another. This particular testimony was only admitted for the purpose of showing the relationship between the two parties involved."

We are of the opinion that the respondent was aggrieved by the nature of the charge of the presiding justice and we, therefore, sustain in part respondent's exception number two.

> *Respondent's second exception*
> *sustained in part.*
> *New Trial granted.*