THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. NICHOLAS ANGELERI, DEFENDANT-APPELLANT.

Argued March 5, 1968—Decided April 1, 1968.

Mr. *Michael A. Querques* argued the cause for appellant (Mr. *Harvey Weissbard* and Mr. *Daniel E. Isles,* of counsel and on the brief; Messrs. *Querques and Isles,* attorneys).

Mr. *S. Philip Klein,* Assistant Prosecutor, argued the cause for respondent (Mr. *Michael R. Imbriani,* Somerset County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM.   Defendant was convicted of violations of *N. J. S.*   2A:138–1 (carnal abuse) and of a violation of *N. J. S.* 2A:96–3 (impairment of a minor's morals) involving a 12-year-old girl. We certified his appeal before argument in the Appellate Division.

Defendant challenges the constitutionality of *R. R.* 3:5–9[1] which requires a defendant, if he intends to rely upon an alibi, to furnish before trial a bill of particulars of that claim and the names and addresses of the witnesses "upon whom he intends to rely to establish such alibi." Defendant, asserting the rule invaded his privilege against self-incrimination under the Fifth and Fourteenth Amendments, moved to vacate the State's demand for particulars, which motion was denied. Both the Appellate Division and we denied leave to review that order before trial. *State v. Angeleri*, 48 *N. J.* 348 (1966). Defendant then complied with the rule, listing six witnesses, but calling only two at the trial. The State made no comment upon his failure to call the remaining witnesses.

Our rule of Court is not designed to compel a defendant to say anything. Rather it requires the specified pretrial

---

[1] The rule reads:

"(a) *Particulars by Defendant.* If a defendant is to rely in any way on an alibi, he shall, on written demand of the prosecuting attorney, furnish a written bill of particulars, signed by him, and stating the specific place or places at which the defendant claims to have been at the time of the alleged offense, and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. Such particulars shall be furnished the prosecuting attorney within 10 days from the service of such demand.

(b) *Particulars by Prosecuting Attorney.* Within 10 days after receipt of such bill of particulars from the defendant. the prosecuting attorney shall, on written demand therefor, furnish the defendant or his attorney with a written bill of particulars stating the names and addresses of the witnesses upon whom the State intends to rely to establish defendant's presence at the scene of the alleged offense.

(c) *Amendment.* The trial court shall have power to order the amendment, amplification or reduction of the particulars mentioned in sections (a) and (b) of this Rule, or of the time of their service, as the ends of justice may require.

(d) *Failure to Furnish.* If such bill of particulars is not furnished as required, the party in default may be excluded from presenting any evidence at the trial as to defendant's absence from, or presence at, respectively, the scene of the alleged offense, or the court may impose such conditions and grant such adjournment as the ends of justice may require."

disclosure if, but only if, the defendant plans to assert an alibi. As we said in *State v. Baldwin*, 47 *N. J.* 379, 388 (1966), *certiorari* denied, 385 *U. S.* 980, 87 *S. Ct.* 527, 17 *L. Ed.* 2d 442 (1966):

"* * * In calling upon a defendant to reveal a claim of that kind before trial, our rule is designed 'to avoid surprise at trial by the sudden introduction of a factual claim which cannot be investigated unless the trial is recessed to that end.' *State v. Garvin*, 44 *N. J.* 268, 272-273 (1965). Our rule replaced a statute, *R. S.* 2:190–7, adopted in 1934. As the statement annexed to the legislative bill recited, the purpose of that act was 'to do away with the existing unfairness in criminal trials of a surprise alibi * * *.' "

See 6 *Wigmore, Evidence* (3d ed. 1940) § 1855b, pp. 418–420. There is no suggestion that the State sought the pretrial disclosure for any other reason or put it to any other use.

██ Defendant does not say his alibi, or its pretrial disclosure, did in fact incriminate him. In any event, if an alibi should tend to incriminate an accused, it must be because of its inherent infirmity. The Constitution does not protect a defendant from the consequences of the defense he makes, nor assure him a right so to defend as to deny the State a chance to check the truth of his position. The cases uniformly reject the constitutional challenge here made. *Rider v. Crouse*, 357 *F.* 2d 317, 318 (10 *Cir.* 1966); *Jones v. Superior Court of Nevada County*, 58 *Cal.* 2d 56, 22 *Cal. Rptr.* 879, 882, 372 *P.* 2d 919, 922, 96 *A. L. R.* 2d 1213 (*Sup. Ct.* 1962); *State v. Stump*, 254 *Iowa* 1181, 119 *N. W.* 2d 210, 219 (*Sup. Ct.* 1963), *certiorari* denied, 375 *U. S.* 853, 11 *L. Ed.* 2d 80 (1963); *People v. Shulenberg*, 279 *App. Div.* 1115, 112 *N. Y. S.* 2d 374 (3d *Dept.* 1952); *People v. Rakiec*, 260 *App. Div.* 452, 23 *N. Y. S.* 2d 607, 612–613 (3d *Dept.* 1940); *People v. Schade*, 161 *N. Y. Misc.* 212, 292 *N. Y. S.* 612 (*Cty. Ct.* 1936); *State v. Thayer*, 124 *Ohio St.* 1, 176 *N. E.* 656, 657, 75 *A. L. R.* 48 (*Sup. Ct.* 1931); *Commonwealth v. Vecchiolli*, 208 *Pa. Super.* 483, 224

A. 2d 96, 99 (*Super. Ct.* 1966); *State v. Kopacka,* 261 *Wis.*
70, 51 *N. W.* 2d 495, 30 *A. L. R.* 2d 476 (*Sup. Ct.* 1952),
annotated, 30 *A. L. R.* 2d 480 (1953); 1 *Wharton, Criminal
Evidence* (*12th ed.* 1955) § 23, *p.* 75; 2 *Underhill, Criminal
Evidence* (*5th ed.* 1956) § 440, *p.* 1110; see *State v. Dodd,*
101 *Ariz.* 234, 418 *P.* 2d 571, 574 (*Sup. Ct.* 1966).

██ Defendant did not take the stand. He contends that
during the trial the prosecutor alluded to defendant's right
to testify and then in summation referred to his failure to
do so. As to the first, the defense had suggested to the jurors
in the *voir dire* that a certain relationship had existed be-
tween the defendant and the child's mother. The prosecutor
simply said that whatever the defendant might say in that
regard would be irrelevant. The reference to the defendant's
right to testify was incidental to the prosecutor's reaction
to a position taken by the defense. As to the summation, the
prosecutor apparently intended only to note that a factual
assertion made by the defense during the trial had not been
backed up by testimony. No objection was made to that
remark. In fact defendant himself called attention to his
right to testify, his counsel saying in the opening that "It
will be his word against hers." At any rate, the trial court
charged the jury that no inference should be drawn against
defendant because of his failure to testify. We do not doubt
the clear capacity of the instruction to dissipate any sugges-
tion to the contrary by the prosecutor. See *State v. De Stasio,*
49 *N. J.* 247, 252 (1967), *certiorari* denied, 389 *U. S.* 830,
88 *S. Ct.* 96, 19 *L. Ed.* 2d 89 (1967). Nor does it matter
that defendant objected to a curative charge. A defendant
may not assert that there has been a forbidden comment and
simultaneously object to a corrective instruction. To hold
otherwise would be to say that an improper comment in this
area must lead to a mistrial or a reversal, a proposition which
we think would be unrealistic and unwarranted.

We have examined the remaining points and see no need
to discuss them.

The judgments are affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal* — None.