Belknap,
No. 5893.

STATE *v.* CHARLES A. DYMOND.

April 30, 1970.

*George S. Pappagianis,* Attorney General and *W. Michael Dunn,* Assistant Attorney General ( *Mr. Dunn* orally ), for the State.

*Normandin, Cheney & O'Neil* and *David O. Huot* ( *Mr. Huot* orally ), for the defendant.

DUNCAN, J. The complaining witness Rosalie Dymond, who was seventeen years of age when the alleged offense was committed, and a younger sister aged fifteen, were the only witnesses to testify concerning the circumstances of the offense, and the relationship of the parties. Rosalie testified that she was the defendant's daughter. *See Lusby* v. *State,* 217 Md. 191, 198, 141 A.2d 893, 894-95. Her sister testified that the defendant was her father. At the close of the State's evidence the defendant moved for a directed verdict of acquittal on the ground that the State had "failed to prove the [defendant's] marriage . . . to the prosecutrix's mother." The motion was denied subject to exception, and was again denied subject to exception, when renewed at the close of all the evidence. Following the verdict the defendant moved that the verdict be set aside for the same reason, and upon other grounds. This motion was likewise denied, subject to exception.

In support of his exceptions, the defendant contends that marriage between the defendant and the complaining witness' mother was an essential element of the crime, and that the State's evidence was fatally defective because marriage was not proved. RSA 579:7 provides: "Incest. All persons within the degrees of consanguinity or affinity in which marriages are prohibited or declared by law to be incestuous, who shall intermarry with or carnally know each other" shall be penalized. The degrees of relationship in marriages which are prohibited, and declared to be incestuous and void ( RSA 457:3 ), are set forth in RSA 457:1 and 2, which forbid a man to marry his daughter ( *s.*1 ) and a woman to marry her father ( *s.*2 ).

The defendant relies upon RSA 457:41 as authority for his argument that proof of marriage was an essential requirement. This section provides: "In Criminal Cases. In actions for criminal conversation, and in indictments for adultery, bigamy, and the like, there must be proof of a marriage in fact."

If the defendant were charged with incest by marriage to his daughter, rather than incest by intercourse with her ( *See* 41 Am. Jur. 2d Incest, *s.* 5 at 514 ), the argument would have merit. In such a case, compliance with RSA 457:41, *supra,* would require proof of marriage with the daughter, which is an essential element of an offense resulting from violation of 457:1 or 2, *supra.* 2 Wharton Criminal Law and Procedure ( Anderson ed. ) *s.* 725.

The offense with which this defendant was charged, however, did not require proof of marriage, since he was indicted for incest by intercourse, not marriage, with his daughter. Absence of a marriage between the defendant and the complainant's mother would not, as defendant suggests, make the alleged crime " a legal impossibility." *See State* v. *Wood,* 235 N. C. 636, 70 S. E. 2d 665; *State* v. *Williams,* 124 Wash. 160, 213 P. 921.

The exception to denial of the motions for a directed verdict and the motion to set aside the verdict for lack of proof of marriage are overruled.

In the course of final argument to the jury, the county attorney referred to the fact that the complaining witness had herself testified, without objection by the defendant, that she was the defendant's daughter, and then commented that the " defense didn't see fit to bring forward any evidence to indicate there wasn't a daughter-father relationship here." Upon objection, the court inquired: "Well, you don't mean to infer that the fact that the defendant failed to testify, that can be used as an inference of guilt?"; to which the prosecutor responded, "Absolutely not." The defendant's exception was noted, and the prosecutor continued: "There are many ways in which the defense could have brought forward evidence aside from the defendant ---." The court then interposed with a statement that the burden of proof of all the elements of the crime was on the State, and counsel replied that the State considered that the testimony of the complainant as to relationship was sufficient.

In the charge to the jury which immediately followed the State's argument, the jury was instructed that the defendant had a constitutional right not to testify, that no inference of guilt should

be drawn from his failure to take the stand, and that the burden of proof was upon the State to prove the charge beyond a reasonable doubt.

In our opinion the record discloses no error. The argument of the prosecution to which exception was taken was prompted by the argument of defense counsel with respect to the State's burden of proof beyond a reasonable doubt. In the course of his argument defense counsel had asked, "Did the State attempt to show that the defendant and the complaining witness's mother are man and wife?" While this could not justify the State in suggesting improper inferences from the defendant's failure to testify and none was expressly suggested, any such purpose was promptly disclaimed by the State, and the charge adequately instructed the jury concerning the defendant's right to remain silent. *State* v. *Fowler,* 110 N. H. 110, 261 A.2d 429. *See State* v. *Angeleri,* 51 N. J. 382, 241 A.2d 3; *Tanner* v. *United States,* 401 F.2d 281, 289 ( 8th Cir., 1968 ). Furthermore, the issue tendered by the defendant in argument was not submitted to the jury, so that there was no occasion for it to consider the issue of marriage in reaching a verdict.

If this were a case where only the defendant himself could contradict the testimony of the complainant that she was his daughter, a purpose on the part of the prosecutor to suggest an improper inference might be a necessary conclusion. *See Griffin* v. *California,* 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229; *Desmond* v. *United States,* 345 F.2d 225 ( 1st Cir. 1965 ). But the record in this case does not compel such a conclusion. *Holden* v. *United States,* 393 F.2d 276 ( 1st Cir. 1968 ).

It should be recognized, however, that argument that the State's evidence is uncontradicted may constitute violation of the defendant's constitutional rights requiring a conviction to be set aside. *See* Annot., 14 A.L.R.3d 723; Annot., 24 A.L.R.3d 1093. As pointed out in *State* v. *Dent,* 51 N. J. 428, 442, 241 A.2d 833, 840-41, it is ordinarily unnecessary to thus incur the risk of mistrial, where the absence of contradiction is plainly evident to the jury without discussion by counsel. As was emphasized in *Holden* v. *United States, supra,* when a criminal case is tried, every portion of the government's case is disputed, whether the defendant takes the stand or not.

Since the argument objected to in the case at bar pertained to an immaterial issue, and prejudice to the defendant was avoided by action of the trial court, the defendant's exception to the

argument, and to denial of his motion to set the verdict aside because of it, are overruled.

*Exceptions overruled.*

All concurred.