**STATE of Maine**

v.

**Albert SOCKBESON.**

Supreme Judicial Court of Maine.

Argued June 15, 1981.

Decided June 17, 1981.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Paine & Lynch, John D. Bunker (orally), Martha J. Harris, Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, ROBERTS and CARTER, JJ.

CARTER, Justice.

The defendant, Albert Sockbeson, appeals from his conviction for incest following a jury trial in Superior Court (Penobscot County). We affirm the conviction.

■ The incest statute, 17–A M.R.S.A. § 556, provides:

A person is guilty of incest if, being at least 18 years of age, he has sexual intercourse with another person as to whom he knows he is related within the 2nd degree of consanguinity.

The sole issue raised by the defendant's appeal is the sufficiency of the evidence to support a finding that the defendant and the prosecutrix were "related within the 2nd degree of consanguinity."

The evidence at trial showed that an act of sexual intercourse had taken place between the defendant, Albert Sockbeson, and the nineteen-year-old prosecutrix, Velena Sockbeson. The prosecutrix identified the defendant as her father before the jury and referred to him as her father throughout her testimony. She also testified that the defendant had said to her, "You're my daughter and I won't hurt you," and "It's all right, you're my daughter." Another witness, who testified that he had known the defendant for 22 or 23 years, also stated that the prosecutrix was the defendant's daughter.

The defendant contends that this testimony was insufficient to prove that the defendant was the prosecutrix's biological father. He argues that the state should be required to prove the relationship through such evidence as the birth certificate, blood tests, or testimony of the mother.

The defendant's position is contrary to our decision in State v. Beckwith, 158 Me. 174, 180 A.2d 605 (1962), in which we found that the child's statement that the defendant was her father and the defendant's

admission that she was his daughter were sufficient to prove their relationship and sustain a conviction of incest. Other jurisdictions have reached similar conclusions. See Lusby v. State, 217 Md. 191, 141 A.2d 893 (1958); State v. Dymond, 110 N.H. 228, 265 A.2d 9 (1970).

The defendant attempts to distinguish Beckwith on the grounds that it was decided under our previous incest statute, which penalized sexual intercourse between "persons within the degree of consanguinity or affinity in which marriages are declared incestuous and void ...." 17 M.R.S.A. § 1851 (repealed by enactment of Title 17–A, 1975 Me. Acts, c. 499, § 9) (emphasis added). We find no significant distinction. In Beckwith, as in the present case, the defendant was alleged to be the father of the prosecutrix and the Court found the evidence sufficient to prove that relationship. That determination in Beckwith did not depend on the fact that the incest statute would also have applied if the defendant and the prosecutrix were related only through marriage.

■ The defendant also contends that, unlike Beckwith, there are no admissions attributable to the defendant. Although the defendant did not take the stand, the statements attributed to him by the prosecutrix were admissions which could properly be considered as substantive evidence of the facts stated. State v. Price, Me., 406 A.2d 883, 885 (1979); M. R. Evid. 801(d)(2)(A).

■ While the testimony may have left open the possibility that the defendant was not the natural father of the young woman who had been brought up as his daughter and whom he and his acquaintances regarded as his daughter, the jury could conclude that this was an unlikely possibility which did not create a reasonable doubt. See State v. Fischer, Me., 398 A.2d 402, 404 (1979). The evidence was sufficient to sustain the conviction.[1]

1. There is no merit to the defendant's contention that the burden shifted to him to disprove the blood relationship. Once the state had produced evidence sufficient to warrant a finding of guilt beyond a reasonable doubt, the defendant was subject to conviction if the jury be-

The entry is:
Judgment affirmed.

All concurring.

lieved that evidence. This is not a shifting of the burden of proof, but rather the normal consequence of the state carrying its burden of proof.